## No. 8775.

### PETER CALLERY VS. NEW ORLEANS WATER WORKS COMPANY.

Where a contract is made with the City Waterworks Company to procure water from the pipes and fire-plugs of the Company for a stipulated price, for the purpose of watering and sprinkling the streets, the party complying with his contract may prohibit the Company and its officers and employees from any interference with his business under the contract, and from any act to hinder or disturb him in using or procuring the required quantity from the water pipes, for the aforesaid purpose. The contract was a legal one and may be enforced.

APPEAL from the Civil District Court for the Parish of Orleans. Tissot, J.

---

J. O. Nixon, Jr. for Plaintiff and Appellee :

An injunction may issue to compel the doing of an act as well as to restrain from doing an act. 7 An. 442; 14 An. 281; 2 N. S. 501; 18 An. 242; C. P. 296, 298.

In all cases where the obligor is capable of performing the contract, the obligee has his option, either to sue for damages or to enforce the specific performance, and he may sue for damages already due, and for the specific performance in the future. C. C. 1926, 1927.

Under its charter the defendant is bound to furnish water to the inhabitants of New Orleans for the purpose of sprinkling and watering the streets. Act of April 1, 1833, Sec. 38; Act No. 33 of extra session of 1877, Section 11.

The City of New Orleans, having expressly, by ordinance authorized any of its inhabitants to water the streets in front of their respective properties, has thus delegated to the inhabitants whatever rights it has in its corporate capacity, to obtain water from the Water Works Company for that purpose. Ordinances Nos. 1135, 1153.

This Court will not take notice of ordinances of the City of New Orleans, unless offered in evidence and proved. 7 An. 495; 9 An 562; 14 An. 303.

*Albert Voorhies*, for Defendant and Appellant.

---

The opinion of the Court was delivered by

TODD, J. Plaintiff avers that his business is that of " watering and sprinkling certain streets in this city, for which he is paid a compensation by residents on such streets; " that he can carry on his business only with the use of the water, distributed throughout the city by defendant Company through its pipes; and " that he made a contract with the said Company, through its then president, E. Toby, Esq., in or about the month of April, 1882, for the use of such water as he might use in said business, to be taken from the plugs of said Company, at the rate of one and a half dollars per month for each square watered."

He complains that, although he has complied with his obligations, he was notified on or about the 19th October, 1882, that he could not be supplied with water after November 1st, 1882; " that there was no reason for the said notice; that the said Company has refused to allow him to continue said contract, or to draw water from its plugs for use in his said business."

Plaintiff claims, beside, that he has the right, " as an inhabitant of New Orleans, to the use of the water furnished by said Company, on paying a fair price therefor, and on complying with the reasonable regulations of said Company."

He prays for an injunction prohibiting and restraining the defendant Company from interfering with, hindering him or obstructing him in the use of the water brought by said Company through its pipes and plugs, in such quantities as may be sufficient for him to use in the conduct of his business in sprinkling and watering certain streets in this city.

The defendant excepted, on the ground that the petition disclosed no cause of action, and moved to dissolve the injunction, because the act prohibited could not work an irreparable injury. These exceptions having been overruled, he answered by a general denial, and appeals from a judgment against him perpetuating the injunction.

The contract set out in the petition is established by the testimony of the plaintiff and that of Mr. Toby, who, at the time of the contract, was president and superintendent of the Waterworks Company.

Plaintiff entered upon the work provided by the contract, paid his dues regularly to the Company, invested some $600 in carts, etc., necessary to conduct the business, and continued therein until about the 19th of October, 1882, when he received a notice from the Company that he would not be allowed the use of the water after the 1st of November next ensuing.

The following ordinances were offered in evidence, under authority of which the contract is claimed to have been made:

ORD. 1135. That merchants, storekeepers and all other persons in this city be, and they are hereby authorized to have the street in front of their property or stores watered, provided the same be done at their expense.

ORD. 1153. Whereas property holders and taxpayers residing on and doing business in many of the principal streets of the city have petitioned both boards of aldermen, praying that the sprinkling of said streets, by means of watering carts, may be continued, thus preventing the loss of thousands of dollars of goods monthly; therefore,

*Resolved*, That Ordinance No. 5071, approved April 5th, 1860, prohibiting the watering of streets, be and the same is hereby repealed.

There seems to have been no limitation as to the duration of the contract, but according to the evidence, plaintiff could exercise the privileges granted under it, so long as he paid his monthly bills.

The facts stated do not seem to be disputed, but the contention is that the engagement only continued from month to month, and that the Company could end it any time by seasonable notice, and that an injunction could not lie in such a case.

The contract, though a verbal one, was made with one who, at the time, was the legal representative of the Company, and it was unlimited, as stated, as to the term of the engagement; and in the absence of any restriction by ordinance or otherwise on the president or other officer of the Company to grant the privileges claimed by plaintiff, we must presume that this officer had full authority therefor, and that the contract was entirely legitimate and binding.

We would not be understood as holding, that a contract of this nature could be continued indefinitely, but only that it was not in the power of the corporation to end it in this case, under the circumstances indicated and at the time and in manner shown.

The plaintiff had the legal right to use the water from the pipes and fire plugs in his business, in the manner and to the extent and for the purposes contemplated by the contract, and we can see no reason why he could not prevent the threatened invasion of his rights under such contract, and the stoppage of his water supply by an injunction.

De St. Romes vs. Creditors.

It was not in our view to compel the Company to do an act, but to refrain from an interference with or doing something to the prejudice of the plaintiff, and in contravention of a legal engagement.

An injunction properly lies for such a purpose and in such a case. C. P. 298; McDonogh vs. Calloway, 7 R. 442; Dudley vs. Tilton, 14 An. 281.

We think the judgment appealed from was correct; and it is, therefore, affirmed with costs.

Rehearing refused.