THE STATE OF KANSAS, *on the relation of E. B. Spurgeon, County Attorney*, v. C. S. LOOMIS, *as mayor of Johnson City, et al.*

INJUNCTION — *Petition — Verification.* In an action for an injunction, it is not necessary that the petition should be sworn to, if the application upon which the injunction is asked is properly verified.

*Error from Stanton District Court.*

THE opinion states the case.

*Brown, Bierer & Cotteral*, for plaintiff in error.

Opinion by GREEN, C.: This was an action for an injunction, in the district court of Stanton county, to restrain the

officers of Johnson City from an alleged misappropriation of the funds of the city. In the absence of the district judge from the county, the probate judge granted a temporary injunction upon an application duly verified. A motion was afterward made before the district judge to dissolve this temporary order made by the probate judge, which was sustained, upon the ground that the petition upon which the injunction was asked was not verified. It is admitted by the record that the petition was not sworn to, but that the application which was presented to the probate judge was properly verified. The only question, then, presented for our determination is, whether a verification of the application alone is sufficient. We think it is. The application for an injunction in this case stated that the relator had filed a petition in the district court for an injunction; that a copy of the petition was attached to the application and made a part of the same. The verification was by the county attorney and another person, and each swore that he had read the application and the exhibit thereto attached, and that they were true. We are of the opinion that this is a substantial compliance with §§ 238 and 239 of the code of civil procedure. The verification really covered the allegations of the petition, as well as the application.

We think it was manifest error for the court to dissolve the injunction, upon the sole ground that the petition was not sworn to, when there was an application properly verified presented to the judge granting the remedy, which satisfactorily established the plaintiff's equities. We recommend that the order of the district judge dissolving the preliminary injunction be set aside; that the restraining order heretofore granted by the probate judge be continued until otherwise disposed of; and that the cause be remanded for further proceedings.

By the Court: It is so ordered.

All the Justices concurring.