J. K. GRAVES, Appellant, v. KEY CITY GAS COMPANY,
Appellee.

1. **Injunction:** BREACH OF CONTRACT: IRREPARABLE INJURY. The
defendant, by a resolution of its board of directors, agreed that gas for
all ordinary purposes, including gas log in library, thereafter used
in the then residence of the plaintiff, and including two street lamps
in front of said residence in a street named in the city of Dubuque,.
should be free of cost for a period not exceeding twenty years. *Held,*
that said contract was not void for uncertainty; and that upon the
petition of the plaintiff alleging that the defendant threatened to
disconnect the gas pipes, so as to wholly cut off the supply of gas to
which the plaintiff was entitled under said contract, a temporary
injunction should have issued restraining the defendant from said
action, notwithstanding the financial responsibility of said defendant
for the payment of any damages sustained by the plaintiff.

2. ———: ———: ———: PREVIOUS BREACH BY PLAINTIFF. Conceding
that the plaintiff was using an excessive quantity of gas in violation
of said contract, and that the defendant might be entitled to relief
against the plaintiff on that account, *held,* that such fact would not
excuse the threatened action of the defendant, nor constitute sufficient.
ground for the denial of an injunction.

3. ———: ———: ———: RELIEF DENIED: RENEWAL OF APPLICATION.
The court having refused to order a temporary injunction upon the
filing of the plaintiff's original petition alleging the threatened action
of the defendant as above stated, the plaintiff filed an amendment to
his petition alleging that the defendant had cut off the gas from the
plaintiff's house by introducing water into the pipes, and renewed
his application for an injunction. *Held,* that the amendment pre-
sented a different case from that of the original petition, and that the
plaintiff's application for an injunction upon such new ground should
have been granted.

4. ———: ———: ———. The fact that the defendant had been
garnished upon process issued from the United States circuit court in
an action there pending against the defendant *held* to constitute no
ground for the denial of an injunction as prayed.

*Appeal from Dubuque District Court.*—HON. D. J.
LENEHAN and HON. J. L. HUSTED, Judges.

MONDAY, OCTOBER 26, 1891.

ACTION in chancery to restrain the defendant from depriving the plaintiff of gas which he claims under a contract between the parties. The court upon two several applications refused to grant a temporary injunction. From these orders the plaintiff appeals. *Reversed.*

*R. W. Stewart,* for appellant.

*Powers, Lacy & Brown,* for appellee.

BECK, C. J.—I.  The petition alleges that the defendant is authorized to supply gas for illuminating and other purposes to the citizens of Dubuque, and that the plaintiff is a citizen of that city, occupying, with his family, a dwelling in Fenelon place, where the defendant has maintained gas pipes for a great many years. It is further shown that, on the third day of June, 1880, the plaintiff and the defendant entered into a contract, as set out by a resolution adopted by the board of directors of the defendant, and duly entered upon the records of the company, which is in these words:

"Be it resolved, that in consideration of the sum of one dollar to us in hand paid by J. K. Graves, and as part consideration of purchase made by us of the gas works and property of the Key City Gaslight Company, we hereby consent to and agree that gas for all ordinary purposes, including gas log in library, hereafter used in the present residence and out-buildings of said Graves, and including two street lamps in front of said residence on Fenelon place, city of Dubuque, shall be free of cost for a period not exceeding twenty years: provided, said premises are occupied by said Graves or his family as their residence."

It is next alleged that the defendant refuses to supply the gas provided by this contract, and threatens to disconnect the gas pipes, so as to wholly cut off the supply of gas to which the plaintiff is entitled under the

contract. Upon this petition the plaintiff asked that
a temporary injunction be issued. The defendant
objected to the allowance of such injunction upon these
grounds:

"*First.* Because it is not claimed that the defend-
ant is not financially responsible for any damages
resulting to the plaintiff. *Second.* Because it does not
appear that the plaintiff will suffer any irreparable
injury from the alleged threatened acts of the defendant.
*Third.* Because it does not appear that the defendant
has threatened to cut off the gas from the plaintiff's
premises so long as plaintiff confines his use thereof
within the limits fixed by the contract referred to.
*Fourth.* Because it does not appear that the plaintiff
has paid, or is willing to pay, the prices which the
defendant is entitled to collect from the ordinary con-
sumers in the city of Dubuque, and that his only claim
is based on the alleged special agreement with the
defendant, and that such agreement is so vague, indefi-
nite and uncertain that it is not susceptible of specific
performance, and a decree therefor could not properly
be ordered, nor an injunction against its violation be
properly issued. And the defendant says that, upon the
affidavits annexed hereto and filed in support hereof,
it appears that the plaintiff has himself violated the
alleged agreement upon which he relies, and has excess-
ively, wilfully and wrongfully used the defendant's gas,
and is, therefore, not entitled to the relief sought;
and that the defendant has never threatened to violate
the agreement, and that the only wrong committed or
threatened has been on the plaintiff's part; and that
the injunction sought would enable the plaintiff to have
unlimited control of his consumption of gas, to the
great injury of defendant and its consumers."

The defendant filed affidavits tending to show that
the plaintiff had used under the contract an immense
quantity of gas, more than five times as much as any

other single private consumer in the city; that he used a gas log in the library, and used or attempted to use gas for heating purposes.   The plaintiff denies the use of gas for any other than illuminating purposes and the gas log specified in the contract.   The defendant, in resisting the application for the injunction, seems to rely upon the alleged extravagant and unwarranted use of the gas.   It showed that it does not object to the use of an amount of gas by the plaintiff exceeding the use of any other private consumer, and proposed to the plaintiff that he should limit his use to such an amount, which he refuses to do.   The defendant denies that it has threatened to cut off the gas if it be confined to the limits fixed by the contract.   The court (HON. D. J. LENEHAN, Judge) refused to allow the temporary injunction.

II.   Subsequently the plaintiff amended the petition, showing that the defendant had cut off the use of the gas by introducing water into the pipes, thus cutting off all the gas from the plaintiff's house and the street lamps adjacent thereto.   Upon this amendment the plaintiff again asked for a temporary injunction as prayed for in his petition.   The defendant, answering other matters set up upon the second application, shows that it has been garnished by a creditor of the plaintiff in an action pending in the United States circuit court. To this answer the plaintiff filed a verified reply. After the amended petition and the subsequent pleadings were filed the plaintiff again moved the court to grant a temporary injunction, which was refused.

III.   The resolution of the directors of the defendant, we think, expresses in unmistakable language a contract whereby it became bound to furnish the plaintiff gas for ordinary purposes, "including gas log in library" and two street lamps, to be used in the plaintiff's dwelling and buildings, for the period of twenty years, if Graves

1. INJUNCTION: breach of contract: irreparable injury.

or his family occupy the building that long. The validity of this contract, we think, cannot be doubted; and its language, when interpreted under the rules of the law, expresses with sufficient clearness and certainty the agreement of the parties. The defendant, by the contract, undertakes, upon considerations before recited, to furnish gas to the plaintiff as provided for in the contract. The gas is furnished from pipes running from the mains, presumably owned by the defendant, into and through the plaintiff's dwelling and premises. The refusal to supply the gas is not only a breach of contract, but is in effect an interference with the plaintiff's enjoyment of his property by its use, as contemplated by the parties when they entered into the contract. The plaintiff, by his contract, provides for gas to be used for illuminating and other ordinary purposes. If the defendant may withhold the supply of gas, the plaintiff may obtain it from no other existing source; for the defendant, it appears, has in effect at the present a monopoly of the right to furnish gas to private consumers such as the plaintiff. His gas pipes and gas burners and fixtures would become useless and valueless, and he would be deprived of gaslight which to a certain extent is regarded by housekeepers using it as a necessity and a source of comfort. As the plaintiff can supply his dwelling, outhouses and street lamps in no other way, this injury cannot be repaired. If the defendant supplies him with no gas, he must do without it and the comfort it brings. It is, therefore, irreparable. It is true, he could use candles, oils or electricity; but he contracted for gaslight, and is entitled to it. It will not do to say he may have compensation in damages. It would be difficult, if not impossible, to estimate his damage. If it might be done, there would be delay in compensation, subjecting the plaintiff to discomfort, inconvenience and loss for probably a protracted period. Equity will not permit

one to be deprived of his rights in this way by the violation of a contract, but by injunction will interfere to prevent it.

IV.   It is insisted that, as the plaintiff violated the contract for gas by using a quantity largely in excess of the amount provided for by the contract, the defendant may cut off the supply, and deprive him of the use of all

2. ——: ——: ——.

previous breach by plaintiff.

gas.   Such deprivation would extend to some gas-burners,—the street lamps, for instance, through which it is not shown excessive quantities of gas were used. The plaintiff insists that his use of the gas has not been excessive or wasteful, and was contemplated when the contract was made.   It is true that the evidence tends to show a large use by the plaintiff; but, if such use of gas was made by the plaintiff with the knowledge of the defendant without complaint or objection on account of the alleged excess, the defendant thereby acquiescing in such large use, and putting a construction upon the contract as to the quantity authorized to be used, ought not now to be permitted to disregard its acquiescence, and take the law in its own hands, and enforce its claims by disregarding its contract according to the interpretation it had put on it.   Such acquiescence puts the laboring oar in the hands of the defendant.   It must establish its interpretation of the contract and its rights thereunder upon a trial of the issues of the case.   If it be made to appear upon the law and the facts as developed in the case that the defendant is entitled to relief of some character, the law will not permit it to help itself to that relief, and deprive the plaintiff of all gas contemplated by the contract.

V.   It is insisted by the defendant's counsel that after the injunction was refused on the first application of plaintiff under Code, section 3392, no other applications were to be considered. The second application presented a differ-

3. ——: ——: ——.

relief denied: renewal of application.

ent case, in that it showed that the defendant had cut off all gas from the plaintiff's premises. The first application showed only a threat. In our opinion, the court erred in refusing the first application, and, the petition having been amended, the second application ought to have been allowed.

VI. The defense based upon the garnishment in the United States court surely is no ground for refusing

4. —: —: —.          the plaintiff relief. Neither reason nor authority is adduced in its support. It may be further said that there is no evidence before us supporting this defense. We reach the conclusion that a temporary injunction ought to have been allowed in the case.

VII. As we have intimated, there is evidence which it is claimed tends to show that the plaintiff has been using an excessive quantity of gas. If, after the injunction is allowed, there be in fact an excessive use not authorized by the contract, the defendant will be protected by the injunction bond against loss on account of such future use. The cause will be remanded to the court below for the allowance of a temporary injunction and other proceedings in harmony with this opinion. REVERSED.