|154  539|
|186  455|

# Sewickley Borough School District *v.* Ohio Valley Gas Co., Appellant.

*Equity—Contract—Municipalities—Gas Company.*

Defendant, a natural gas company, in consideration of privileges granted
to it by a borough, agreed to furnish gas free of cost to the public build-
ings and churches of the borough, with the proviso however that if similar
privileges should be granted to another company, the burden should be
decreased pro rata according to the number of franchises granted.    Subse-
quently similar privileges were granted to another company, and defend-
ant agreed to furnish the schoolhouse and one church with gas, if the
second company would furnish the other public buildings and churches.
*Held,* on a bill in equity to enjoin defendant from cutting off the supply
of gas from the schoolhouse, that the contract was valid and would be
enforced in equity.

Argued Nov. 5, 1892.    Appeal, No. 216, Oct. T., 1892, by
defendant, from decree of C. P. No. 2, Allegheny Co., July T.,
1892, No. 137, on bill in equity.    Before PAXSON, C. J., GREEN,
WILLIAMS, MCCOLLUM, MITCHELL and HEYDRICK, JJ.

Bill for injunction.

The bill averred that plaintiff was the owner and custodian of the public school property, in the borough of Sewickley. That defendant was a corporation under the Natural Gas Act. That on Nov. 27, 1885, the councils of the borough passed an ordinance granting to said company the right to lay pipes through the borough, of which ordinance § 7 was as follows :

" Section 7. In consideration of the privileges herein granted, the said parties, company, and their successors and assigns, shall, so long as said gas is furnished through their said pipes, conduits, etc., supply the police and fire department, the council chamber and public schools, and all buildings used for the public and divine worship in the said borough of Sewickley with natural gas for fuel, free of all cost and expenses, save in making the necessary connections. With this proviso only, that should the same rights and privileges herein conveyed be hereafter granted to any other individual, person or company, said burden shall be decreased pro rata according to the number of franchises granted."

That defendant accepted the terms of this ordinance. That plaintiff had gone to considerable expense to put in gas fixtures, etc. That on Nov. 17, 1888, the councils granted similar privileges to the Independent Natural Gas Co. of Sewickley. That on May 16, 1889, the Ohio Valley Gas Co. entered into an agreement, pursuant to § 7, to continue to furnish plaintiff free gas, which agreement appears on the minute book of the councils, as follows :

" SEWICKLEY, May 16, 1889.

" Adjourned meeting. All members present. J. K. Fleming, M. F. Love and Mr. Rogers, from Ohio Valley Gas Co. present, and D. C. Herbst, from Independent Natural Gas Co. to adjust the free gas supply. The Ohio Valley Gas Co. per J. K. Fleming, agreed to furnish to the schoolhouse and Presbyterian Church, if the Independent Gas Co. would furnish the remaining churches and public buildings.

" Agreed to by the Independent Natural Gas Co. per D. C. Herbst.                                                    R. J. FELTWELL,

" C. A. ATWELL,                                             " Burgess.

        " Secretary."

That the Ohio Valley Gas Co. continued to furnish free gas.

That defendant had given notice that it would refuse to furnish gas to the public schools after April 1, 1892. That plaintiff would suffer irreparable injury.

The bill prayed for an injunction and general relief.

A demurrer was filed setting forth that plaintiff had not stated a case which entitled it to the relief asked; and that the court had no jurisdiction.

The court overruled the demurrer and entered a decree enjoining defendant from cutting off the gas from the schoolhouse.

*Error assigned* was the decree of the court.

*Edwin M. Smith, Knox & Reed* with him, for appellant, cited: Bispham, Eq., p. 44; Waterman, Spec. Perf. § 18; Kirkpatrick v. McDonald, 11 Pa. 387; Koch's and Balliet's Ap., 93 Pa. 442; Clark's Ap., 62 Pa., 447; Borough of South Waverly, 20 W. N. 209.

*Thos. Patterson*, of *Patterson & Smith, W. B. Rodgers* with him, for appellee, cited: Wright v. Pipe Line Co., 101 Pa. 204; Phila. v. River Front R. R., 133 Pa. 140; Pittsburgh's Ap., 115 Pa. 21; Brush Electric Light Co.'s Ap., 114 Pa. 574; Whiteman v. Fuel Gas Co., 139 Pa. 492.

PER CURIAM, January 3, 1893:

The decree is affirmed and the appeal dismissed at the costs of the appellant.