HORSKY et al., Appellants, *v.* HELENA CONSOLIDATED WATER COMPANY, Respondent.

[Argued February 16, 1893. Decided July 17, 1893.]

Pleading—*Assumption of contract.*—The assumption and acceptance, by the defendant water company, of a contract to furnish water, made between plaintiff and another water company, is sufficiently shown where the complaint alleges that the defendant company assumed said contract, substituted itself for the old company, and performed acts only consistent with an adoption of the contract.

Same—*Contract—Consideration.*—A valuable consideration for the assumption of a contract to furnish water is sufficiently shown by an allegation in the complaint that defendant, for a considerable time, collected the price and rates therein mentioned.

Injunction.—An injunction will lie to restrain a water company from shutting off the entire water supply of a brewery in violation of a contract which it had assumed, when such act would stop the brewing, and involve the destruction of large quantities of malt, and loss of trade.

*Appeal from First Judicial District, Lewis and Clarke County.*

Action for an injunction. Defendant's demurrer was sustained by Buck, J. Reversed.

*Toole & Wallace,* for Appellant.

I. The defendant having purchased the old company's property and franchise, and assumed the contract while plain-

tiffs were using their service-pipe thereunder, is directly bound by the obligations of such contract. (*Coffman* v. *Robbins*, 8 Or. 278, 284; Pomeroy's Specific Performance of Contracts, § 493.)

II.   Having availed itself of the legal rights of the contract, that is, its benefits, and retained the rents collected thereunder, it cannot shirk its burdens, that is, its legal obligations. (*Boston etc. Co.* v. *Bankers' etc. Tel. Co.*, 36 Fed. Rep. 288; 5th General Digest of the United States, p. 626, No. 238, and cases; *Starr* v. *Stiles*, 19 Pac. Rep. 225, 226; *Bradner* v. *Howard*, 75 N. Y. 417, 421.)

III.   Having knowingly furnished water and collected rents under the contract—acts only consistent with its adoption—and thereby led plaintiffs to believe that it had made the contract its own, defendant could not thereafter repudiate its obligations. (*Wiggins Ferry Co.* v. *Ohio etc. Ry. Co.*, 142 U. S. 396, 408, 409; *Frelinghuysen* v. *Nugent*, 36 Fed. Rep. 230; *Winchester etc. Co.* v. *Funge*, 109 U. S. 651, 653; *Porter* v. *Wormser*, 94 N. Y. 450.)

IV.   Plaintiffs not only allege the performance of acts by defendant only consistent with the adoption of the contract, but distinctly aver that it "assumed" the contract, and "substituted itself for the old company therein," the latter averments being expressly declared by the supreme court of the United States in *Wiggins Ferry Co.* v. *Ohio etc. Ry. Co.*, 142 U. S. 396, to be needless to bring about in law an adoption of the contract.   In this case, then, we have gone so far as to allege the distinct assumption by defendant.

V.   Even were defendant in fact not bound by this contract on the theory of substitution of parties or express assumption, yet, by its conduct relied on by us to our injury, it is estopped from disputing its obligations thereunder. (*State* v. *Hastings*, 15 Wis. 90, and cases there cited; *Midland R. R. Co.* v. *Hitchcock*, 37 N. J. Eq. 549; *Wiggins Ferry Co.* v. *Ohio etc. Ry. Co.*, 142 U. S. 408, 409; 2 Pomeroy's Equity Jurisprudence, § 965.)

*McConnell, Clayberg & Gunn*, for Respondent.

I.   The effort is made to hold the defendant company responsible upon said contract upon the ground of assumption,

adoption, and acquiescence in the same. There is no averment that such assumption was for a valuable consideration. The question, then, is reduced to one of acquiescence. There being no contract between the Helena Water Company and the respondent, that the latter should assume the Woolston contract, it was at liberty to renounce said contract. (*Wiggins Ferry Co.* v. *Ohio etc. Ry. Co.*, 142 U. S. 396.) We insist that the allegations in the complaint are insufficient to set up a contract by acquiescence. The allegations of assumption and adoption, not being founded upon any consideration, must be rejected as surplusage. If there was such acquiescence in the contract and delivery of water under it that it established it as the contract between the respondent and the appellants, then the proper mode of averment would be to aver that such contract existed, leaving all the facts connected with the delivery and payment of water under its terms as matters of proof to establish the contract. The principle upon which the contractual relation is established by acquiescence between the plaintiff and defendant must be that in law there was a mutual consent to it and agreement to be governed by its terms; that is to say, while there were no words of express agreement, the conduct of the parties in relation thereto created an agreement as much so as if it had been made by express words. The same concensus of mind between the parties is as necessary in establishing a contract by acquiescence as it is one created by express words. It is bad pleading to set out the facts which constitute the evidence, instead of setting out the ultimate fact of the agreement. (Maxwell on Code Pleading, 76, 77, 105.)

II. There is a plain, speedy, and adequate remedy at law. (*Heaney* v. *Butte and Montana Com. Co.*, 10 Mont. 590; *Jerome* v. *Ross*, 7 Johns. Ch. 315; 11 Am. Dec. 484; *Bracken* v. *Preston*, 1 Pinn. 584; 44 Am. Dec. 412; *Trustees* v. *Hoessli*, 13 Wis. 348; *Catching* v. *Terrell*, 10 Ga. 576; High on Injunction, §§ 701, 1106, 1107, 1109; *Mechanics' Foundry, etc.*, v. *Ryall*, 75 Cal. 601.) Certainly it cannot be claimed that a brewing business destroyed by the wrongful conduct of the defendant could not be compensated in damages. But it is not essential, under this contract, that the appellants should be compelled to abandon their business of brewing. They might pay the in-

creased price under protest, and bring their action at law to recover it back. (*Chicago etc. R. R. Co.* v. *Chicago etc. Coal Co.*, 79 Ill. 121, 130.) It does not appear that the plaintiffs might not get water from other sources, and compensate themselves with damages by action at law for the breach of the alleged contract under consideration.

PEMBERTON, C. J.—This is a suit for injunction. The facts stated in the complaint are substantially as follows: Appellants (plaintiffs below), Horsky, Miller & Co., the owners of a large brewery, and having a valuable patronage and custom to which they steadily supplied the product of their brewery, made a contract on February 15, 1887, with one George F. Woolston, to furnish water for a term of ten years, for brewing and other purposes, at stipulated rates, through a system of water-mains to be built by the latter in the city of Helena. Woolston organized, on March 6, 1887, a corporation, "Helena Water Company," to which he sold all of his right in the above-mentioned contract and the contract itself for a valuable consideration paid by this company, which received and accepted the contract, and at once, on the date last named, entered on its performance, began furnishing water through the system of piping above mentioned, with which plaintiffs' private pipe connected, and continued to fully perform and discharge the contract until the year 1890, when it sold its entire assets, including the franchise, to the defendant company. Whereupon the defendant assumed and accepted this contract, substituting itself for the first-named company in the contract, and continued to comply with the terms of said contract, i. e., to permit plaintiffs to take and use the water through the system of mains and pipes above mentioned, and to collect therefor under it, until January 24, 1891, when it refused to longer recognize the contract, and was about to cut off entirely the water supply from plaintiffs' private pipes, because plaintiffs refused to pay prices therefor above the contract rates, and that if the water were so to be turned off it would stop plaintiffs from brewing, involve the destruction of large malt supplies, prevent them from supplying their customers, and cause a loss of their trade, on account of which

plaintiffs sought and obtained a preliminary injunction, restraining the defendant company from shutting off the water.

The second cause of action sets forth the same facts as the first, with the further fact that on the day when the defendant company repudiated the contract both Woolston and the Helena Water Company were insolvent, which said insolvency arose after the date when the defendant assumed the contract on its purchase from the Helena Water Company. That if defendant had repudiated the contract at the time of its said purchase, plaintiffs could have indemnified themselves against Woolston and the Helena Water Company for its breach, but are now utterly unable so to do, and that their failure to do so was brought about by their reliance upon this assumption of the contract by the defendant.

To the complaint the respondent interposed a general demurrer. The court below sustained the demurrer, and the appellants electing to stand on their complaint, judgment was rendered in favor of respondent for costs. From this judgment this appeal is prosecuted.

The principal error complained of is the action of the trial court in sustaining the demurrer to the complaint.

It will be observed that the complaint alleges that in the year 1890 the respondent assumed and accepted a certain contract, then and theretofore in force between the appellants and the Helena Water Company for furnishing water to the appellants by said Helena Water Company.

That part of the complaint which alleges such assumption, and acceptance by respondent, of said contract between the appellants and the Helena Water Company, after referring to the organization of the Helena Water Company, is as follows: "And that thereafter, the said defendant company having so purchased the said property, assets and rights of the said Helena Water Company, and from the date of the said last-named transfer and purchase by the said defendant company, it, the defendant company, assumed the said contract, accepted the same, entered upon the faithful performance thereof in accordance with its terms, substituted itself for the Helena Water Company therein, began forthwith to furnish, and continued, without interruption, to furnish, water under and in

accordance with the terms of said contract, as the Helena Water Company had before it, and to collect for the water so furnished from time to time the contract price for the water so furnished, collecting therefor under and on account of the said contract from these plaintiffs, and has continued so to do and to comply with the terms of the said contract until the twenty-fourth day of January, 1891."

Does the complaint state facts sufficient, if proved, to show an assumption and acceptance of the contract between the Helena Water Company and the appellants by the respondent?

In *Wiggins Ferry Co.* v. *Ohio etc. R. Co.*, 142 U. S. 408, a case involving facts and principles analogous to the case at bar, the court says: " It is not necessary that a party should deliberately agree to be bound by the terms of a contract to which he is a stranger, if, having knowledge of such contract, he deliberately enters into relations with one of the parties, which are only consistent with the adoption of such contract. If a person conduct himself in such manner as to lead the other party to believe that he has made a contract his own, and his acts are only explicable upon that theory, he will not be permitted afterwards to repudiate any of his obligations."

It will be seen that the complaint in this case not only alleges the performance of acts by respondent only consistent with the adoption of the said contract between the appellants and the Helena Water Company, but it alleges that the respondent "*assumed*" said contract and "*substituted*" itself for the old company." In this respect we think the complaint states facts sufficient to constitute a cause of action.

It is urged by respondent that the complaint does not disclose a valuable consideration for the assumption of said contract by respondent. The contract between the appellants and the Helena Water Company is attached to the complaint and made a part thereof. The consideration therefor is therein named and the water rates stated. The complaint alleges that the respondent having assumed the contract between the Helena Water Company and appellants, furnished water thereunder, and collected the price and rates therein mentioned, of appellants, for a considerable length of time. We think this sufficiently discloses a valuable consideration.

It is contended by respondent that appellants' remedy, if they have any, is at law, and not in equity. We do not agree with this position. We think the facts stated in the complaint which are confessed by the demurrer, entitle the appellants to invoke the equity jurisdiction of the court, and to the negative and preventive relief of injunction.

There are other questions raised in the argument of this case, but we think they pertain to the trial of the cause upon its merits, and that a consideration of them at this time by this court would be premature.

We are of the opinion that the judgment of the court below should be reversed, and it is so ordered, and remanded with instructions to overrule the demurrer.

*Reversed.*

HARWOOD, J., and DE WITT, J., concur.

