# Charles Corbet *v.* Oil City Fuel Supply Company, Appellant.

*Equity practice—Equity rules—Judgment on demurrer.*

When a demurrer is overruled the defendant shall be assigned to answer the bill within a period to be fixed by the court unless the demurrer shall be construed by the court to have been for vexation and delay and to have been frivolous or unfounded.

*Equity practice—Demurrer—Leave to answer over—Injunction.*

The court below overruled a demurrer and granted an injunction against a gas company compelling specific performance as prayed for in the bill. The appellate court while overruling the demurrer gives leave to answer over but permits the preliminary injunction to stand to preserve the status quo, inasmuch as no material injury can arise before final hearing by so doing.

Argued May 4, 1897. Appeal, No. 134, April T., 1897, by defendant, from decree of C. P. Jefferson Co., Sept. T., 1896, No. 2, overruling demurrer and sustaining special injunction. Before RICE, P. J., WILLARD, WICKHAM, BEAVER, REEDER, ORLADY and SMITH, JJ. Reversed.

Bill for injunction. Before GREER, P. J.

The plaintiff's bill set up that he had contracted for a supply of fuel gas from defendant company at a specific price for so long as he might desire to continue the use thereof, with power to cancel the contract if the supply became deficient; that defendant company refused to carry out the contract and shut off the supply of gas from defendant's house and office; that there was no other source from which to obtain the supply of gas; that his house and office were equipped for natural gas and that the injury and damage done and threatened were incapable of ascertainment and that he would suffer irreparable injury. Defendant company filed a demurrer to plaintiff's bill, setting forth the following reasons:

First. The contracts upon which plaintiff's bill is founded, being revocable at the pleasure of the plaintiff, a court of equity has no jurisdiction to decree specific performance.

Second. The plaintiff's bill is not sufficient to support a decree for equitable relief.

The court below overruled the demurrer and made a prelimi-
nary injunction directing the defendant company to reconnect
its service with plaintiff's establishment and refrain from cut-
ting off his supply.   Defendant appealed.

*Errors assigned* among others were (1) In not dismissing
plaintiff's bill.   (2) In entering definitive decree after over-
ruling its demurrer instead of requiring defendant to answer
under the equity rules.   (3) In not sustaining the defendant's
first reason for its demurrer, reciting same.   (4) In not sus-
taining defendant's second reason for its demurrer, reciting
same.   (5) In overruling demurrer.

*H. McSweeny* and *B. M. Clark*, with them *Geo. W. Means*,
for appellant.

*C. Z. Gordon*, for appellee.

OPINION BY SMITH, J., July 23, 1897 :
Under section 37 of the equity rules, when a demurrer is
overruled, the defendant shall be assigned to answer the bill
within a period to be fixed by the court.   In default of such
answer, the bill shall be taken pro confesso and a decree made
accordingly.   Such decree shall also be made when the court
deems the demurrer to have been for vexation and delay, and
to have been frivolous or unfounded.

In Sewickley v. Gas Co., 154 Pa. 539, the court overruled a
demurrer and entered a decree against the defendant.   This was
affirmed by the Supreme Court without discussion.   The bill,
indeed, exhibited a right in the plaintiff so obvious as to leave
the demurrer utterly without foundation, thus justifying the
decree.   In R. R. Co. v. R. R. Co., 171 Pa. 284, the demurrer
was sustained by the court below.   On appeal it was overruled,
and a decree entered against the defendants by the Supreme
Court, in an opinion in which the frivolous and unfounded
character of the demurrer was most cogently demonstrated by
Mr. Justice DEAN.   A demurrer entirely groundless, as in those
cases, must be regarded as intended only for vexation and
delay.

In the present case, while the demurrer was properly over-

ruled, we cannot regard it as so manifestly unfounded and friv-
olous as to justify a decree pro confesso as the penalty for what
must be deemed an error of judgment in employing it.   With-
out intimating anything as to the merits of the case, we think
the defendant should have an opportunity of making a defense
by answer.   In such defense, all matters of law, affecting the
merits of the bill, may be set up as effectually as on demurrer.
Yet as no material injury can arise from preserving the status
quo, the injunction, so far as necessary for this purpose, will be
allowed to stand until final hearing and decree.

The decree is reversed, the demurrer is overruled and it is
ordered that the defendant answer the bill within such reason-
able time, after the return of the record, as shall be fixed by the
court below, and that the order made by the court below
August 31, 1896, for the restoration of the status quo as it
existed immediately before the service of gas was discontinued,
be continued and remain in force until the final determination
of the cause, the costs to await the final decree.