## GALBREATH GAS CO. v. LINDSEY *et ux.*

No. 2071.   Opinion Filed December 7, 1912.

(129 Pac. 45.)

1.  **PLEADING—Defective Verification—Waiver.**  Where a temporary restraining order is granted by a judge at chambers, without notice, solely upon the face of a petition improperly verified, the defect in the verification is waived where, without raising it, defendant answers to the merits.

2.  **INJUNCTION—Petition—Irreparable Injury.**  Petition examined, and held that a threatened irreparable injury for which the law affords no adequate remedy is disclosed on its face, and that the same properly invokes the aid of a court of equity in the absence of an allegation that defendant is insolvent.

3.  **PLEADING—Demurrer—Form.**  A demurrer to an answer, which alleges "that the second clause of the first paragraph of the answer is not responsive to an allegation contained in the petition," and that "the third clause of said paragraph is evasive," and of another paragraph "that the same states conclusions of law and is not responsive  *  *  *  to the allegations  *  *  * of the petition," is insufficient under the statute, and was improperly sustained.

4.  **INJUNCTION — Petition—Verification—Statutes.**  Under Comp. Laws 1909, sec. 5757, providing that an injunction may be granted when it satisfactorily appears to the court or judge, by the affidavit of the plaintiff or his agent, that plaintiff is entitled thereto, a petition verified on information and belief only is insufficient.

(Syllabus by the Court.)

*Error from District Court, Tulsa County;*
*L. M. Poe, Judge.*

Suit by Lee Lindsey and Lila D. Lindsey, his wife, against the Galbreath Gas Company. Judgment for plaintiffs, and defendant brings error. Reversed and remanded, with directions.

*Haskell B. Talley,* for plaintiff in error.

*Chas. L. Fildes,* for defendants in error.

TURNER, C. J.   On May 27, 1909, Lee Lindsey and wife, Lila D. Lindsey, filed in the district court of Tulsa county their

petition, the object of which was to restrain the defendant from disconnecting its gas supply pipes from plaintiffs' premises, and from refusing to supply the same with gas for heating and lighting the residence and running an engine, situate on the premises, used for pumping water throughout the tenements located thereon, basing their right to the gas supply upon an alleged contract with defendant, a copy of which is filed as an exhibit to their petition. They also sought to enjoin the collection of defendant's claim of $160 for gas claimed to have been furnished by defendant under said contract, upon the ground that the same was an excessive charge under the contract. On the same day application was made to the district judge, at chambers, for a restraining order, which was granted, without notice, solely upon the face of the petition, which was verified thus:

"State of Oklahoma, County of Tulsa—ss.:

"Before the subscriber personally appeared Lee Lindsey, who, being duly sworn, says that he is one of the plaintiffs in the foregoing petition, and that each and every allegation therein made is true to the best of their knowledge and belief.

"LEE W. LINDSEY.

"Subscribed and sworn to before me this 26th day of May, A. D. 1909.

"PETER DEICHMAN, Notary Public."

On June 2d, to show cause, defendant filed a motion to vacate the order, on the ground that the same was unsupported by sufficient affidavit, and on the same day a general demurrer, which was overruled; whereupon, on June 5, 1909, it filed a motion to dissolve the injunction. On June 12, 1909, this motion, which is verified, but unsupported by affidavit, was overruled; whereupon, on June 14, 1909, defendant filed substantially the same motion thus supported, which was met with counter affidavits and also overruled. Thereupon defendant answered, in effect a general denial, and, after making certain specific denials, for further defense said:

" * * * That the plaintiffs have used on their said premises the gas of the defendant for the purpose of running a gas engine which consumes a large amount of gas, and an amount, in all probability, exceeding the gas consumed for all other purposes by the plaintiffs in their residence for heating and lighting

purposes; that the use of the defendant's gas for the running of said gas engine was not contemplated in said alleged contract of December 10, 1906, and that the defendant did not, under said contract, or under any other contract, agree to furnish the plaintiffs with gas for the use of said gas engine, and that by so using the gas of the defendant, plaintiffs have avoided and rendered inoperative said contract; and that the plaintiffs have estopped themselves to claim any right under said contract of December 10, 1906, by reason of the fact that the said plaintiffs have so used the gas of the defendant for other and additional purposes not contemplated under said alleged contract."

To this plaintiffs demurred " * * * upon the grounds that said answer is insufficient, in that the second clause of the first paragraph is not responsive to any allegation contained in the petition, and because the third clause of said paragraph is evasive, and does not deny the execution of the contract therein described. And, for further grounds of demurrer, the second paragraph of said answer states conclusions of law and is not responsive, either by way of avoidance, confession, or denial of the allegations, or either of them, contained in the said petition" —which was sustained and exceptions saved, and, on refusing to plead further, judgment was rendered and entered against defendant by "default," the injunction made perpetual, and defendant brings the case here.

It is first contended that the court erred in refusing to dissolve the restraining order, for the reason that the same was granted upon the face of the petition improperly verified. That such it was seems clear. Comp. Laws 1909, sec. 5757, says:

"The injunction may be granted at the time of commencing the action, or any time afterwards, before judgment by the district court, or the judge thereof, or in his absence from the county, by the county judge, upon its appearing satisfactorily to the court or judge, by the affidavit of the plaintiff or his agent, that the plaintiff is entitled thereto."

In *City of Atchison, etc., v. Bartholow et al.,* 4 Kan. 139, the temporary injunction was granted, as here; the petition being sworn to upon the information and belief of petitioner. In holding the same insufficient, and that the court erred in receiving

it in evidence over objection and in granting the injunction there-upon, the court said:

"Section 248 of the Code provides that 'a temporary injunction may be ordered upon it appearing satisfactorily to the court or judge, by the affidavit of the plaintiff or his agent, that the plaintiff is entitled thereto.' The affidavit of the plaintiff to the necessary facts will, under this provision, be sufficient, and the petition, if properly verified, may be used as an affidavit, i. e., it may be read as testimony. To determine whether the petition here was admissible as testimony, it will be necessary to ascertain the legal requirements of an affidavit."

And, after holding that such it did not possess, said:

"The petition, as verified, was not 'a declaration under oath,' and it was error to permit it to be read, against the objection of the defendant, for which reason the order of injunction must be vacated."

See, also, Long v. Kasebeer, 28 Kan. 226; State ex rel. v. Loomis, 46 Kan. 107, 26 Pac. 472; Center Tp. v. Hunt, 16 Kan. 430; State v. Bd. Co. Com'rs, 35 Kan. 150, 10 Pac. 535; Ruge v. Apalachicola, etc., Co. et al., 25 Fla. 656, 6 South. 489; Lee v. Clark, 49 Ga. 81; Kaehler v. Dobberpuhl, 56 Wis. 497, 14 N. W. 631.

And so we might hold, and vacate the order for insufficient verification, were it not for the fact that the court was not called on to pass upon the motion intended to raise the question, filed June 2d, and the question thereby sought to be raised cannot be raised in this court for the first time. 2 High on Inj. sec. 1569, says:

"So the insufficiency of the verification, as the basis for a preliminary injunction, cannot be raised upon an appeal from a final decree granting a perpetual injunction; and in such case it is immaterial that the bill was improperly verified, or that a preliminary injunction was improperly granted upon such verification. So, although a preliminary injunction has been improperly granted because of the lack of verification to the bill, yet if it has been allowed to stand until the hearing, and the evidence discloses sufficient equity to support it, it should be perpetuated. And an objection for want of proper verification must be taken in apt time, and if raised after a hearing upon the merits it comes too late."

Or, as stated by us in the syllabus in *Glasco v. School Dist. No. 22, McClain County,* 24 Okla. 236, 103 Pac. 687:

"Any defect or irregularity involved in the verification of a petition for an injunction is waived where, without raising it, defendant answers to the merits."

It is next contended by defendant that the court erred in overruling its demurrer to the petition, because, it says, the same disclosed on its face that plaintiffs have an adequate remedy at law. The point is not well taken. The petition substantially states that on December 10, 1906, plaintiffs and defendant entered into a contract, whereby defendant agreed to furnish to plaintiffs, for the period of fifteen years, all the gas they might find necessary to use for lighting and heating at their residence, situated and described on certain lands in Tulsa county, at the rate of $6 per annum according to the contract filed as an exhibit; that pursuant thereto plaintiffs forthwith provided the tenements on the described premises with necessary pipes for conveying gas; that defendant thereupon connected the same with its supply pipe, at the same time placing a meter in said tenements for the measurement of gas so furnished and consumed, and thereupon furnished the same as provided in said contract; that a short time thereafter defendant, at the request of plaintiffs and pursuant to said contract, also connected its pipes with a certain engine and boiler placed on the premises by plaintiffs for the purpose of pumping water from a well thereon into and through said tenements; that the furnishing of said gas to be used, as aforesaid, was at that time regarded and considered by the parties to the contract to be in keeping with its terms, and was so regarded by them up to May 16, 1909, at which time defendant presented plaintiffs a bill for about $160 for gas supplied to said engine and boiler, and is now threatening to disconnect its pipes, unless said bill is paid; that plaintiffs will be deprived of light, heat, and water for said premises, unless defendant is enjoined from carrying said threat into execution; that plaintiffs have at all times complied with their part of said contract, and have paid for gas thus consumed $6 per annum up to the date aforesaid; that at the time of connecting its pipes with

said engine and boiler, as stated, no meter was installed by defendant for the measurement of gas thus to be consumed, nor has it since installed a meter for that purpose, and that its demand for payment of $160 is unjust and in violation of said contract, that the threatened act will work irreparable injury to plaintiffs, and is imminent; wherefore they pray that defendant be enjoined, etc.

In *Edwards v. Milledgeville Water Co.*, 116 Ga. 201, 42 S. E. 417, Edwards brought a petition for injunction against the company, in which he sought to enjoin it from disconnecting its water main from the private pipe running therefrom to his residence, and from interfering with his use of the water at his residence, under the terms of a contract which he set up as made between himself and the company. The court said:

"In *Horsky v. Helena Consolidated Water Co.*, 13 Mont. 229, 33 Pac. 689, the plaintiffs, who were the owners of a large brewery, sought an injunction to prevent the defendant from shutting off water from the plaintiffs' private pipe, which connected with the defendants' system of piping. The court held: 'An injunction will lie to enjoin a water company from breaking its contract to supply water to a brewery, when turning off the water would stop the brewery, destroy a large quantity of malt, and injure the brewers' trade.' Pemberton, J., in the opinion, said: 'We think the facts stated in the complaint, which are confessed by the demurrer, entitle the appellants to invoke the equity jurisdiction of the court, and to the negative and preventative relief of injunction' [citing *Callery v. New Orleans Water Works Co.*, 35 La. Ann. 798; *Brown v. Frankfort* (Ky.) 9 S. W. 384; *Sedalia Brewing Co. v. Sedalia Water Works Co.*, 34 Mo. App. 50; *Graves v. Key City Gas Co.*, 83 Iowa, 714, 50 N. W. 283; *School Dist. v. Ohio Valley Gas Co.*, 154 Pa. 539, 25 Atl. 868]. The plaintiff is without an adequate remedy at law. A court of law could neither prevent the defendant from depriving him of the water, nor restore to him such use after he had been once deprived of it; and the damages which he would sustain in the future, during the long period covered by the contract, by being deprived of the use of a plentiful supply of pure water flowing through pipes upon his premises, and easily and conveniently accessible at all times for the varied necessities and even luxuries of a household, would be difficult to ascertain, and could not, with any certainty, be estimated. Even if the plaintiff could, by erecting and maintaining a private system of waterworks,

supply his residence and premises with water in the same manner and to the same extent that the defendant now does under its contract with him, the damages which the plaintiff would sustain by being deprived of the use of the water, as now supplied to him, during the period of time required for him to complete his own water plant would be practically impossible of ascertainment with any degree of certainty, to say nothing of the necessity, in order to arrive at the amount of his damages, of estimating the cost of constructing, keeping in repair, and operating, from year to year, such private works"

—and held that the petition was improperly dismissed.

*Sickles v. Manhattan Gas Light Co.,* 64 How. Prac. (N. Y.) 33, was a motion to continue a temporary injunction to restrain defendants from removing the meter or cutting off the supply of gas from plaintiff's premises. Plaintiff asserted that the bill presented was unjust. He prayed that the amount due the company be ascertained, and that the company be directed to accept the sum so ascertained and restrained from removing the meter. The court sustained the motion, and in passing said:

"The learned counsel for the defendant contend upon the argument that in a case of this character an injunction should not be granted, for the reason that the defendant is perfectly responsible, and that the plaintiff could have paid the amount demanded of him under protest, and brought an action to recover the amount illegally demanded from him. In this view I do not concur, for the reason that it has long been settled that a court of equity will intervene by injunction to prevent irreparable mischief. This seems to me to be a case in which, if the plaintiff is right, it cannot be justly claimed that he can be fully compensated by an action for damages. The use of gas in cities has become almost as great a necessity as the use of water, and an illegal deprivation of one or the other, particularly where such use is for ordinary domestic and family purposes, would cause, I think, such damage as to call for the interposition of a court of equity. See *Cromwell v. Stevens,* 2 Daly, 15."

See, also, 2 Hughes on Injunctions, sec. 1122a; *White v. Fayette Fuel & Gas. Co.,* 139 Pa. 492, 20 Atl. 1062; *Xenia Real Estate Co. v. Macy,* 147 Ind. 568, 47 N. E. 147; *Brauns v. Glesige,* 130 Ind. 167, 29 N. E. 1061.

We are therefore of opinion that the demurrer should have been overruled.

But the case must be reversed because the court erred in sustaining the demurrer to defendant's answer. This for the reason that a demurrer will not lie against a pleading defective only as alleged therein. If it were true that the "second clause of the first paragraph of the answer is not responsive to any allegation contained in the petition," or that "the third clause of said paragraph is evasive," and of another paragraph "that the same states conclusions of law, and is not responsive  *  *  * to the allegations  *  *  * of the petition," these are not grounds for demurrer, but rather for a motion to strike for surplusage and a motion to make more definite and certain. Comp. Laws 1909, secs. 5629, 5659; 6 Enc. Pldg. & Prac. 309. The last authority cited, at page 309, says:

"Where the causes for which parties may demur to pleadings are fixed by statute, those causes are exclusive, and no other ground of demurrer will be entertained by the court."

At page 317 such a demurrer as the one here under consideration is termed an insufficient demurrer, of which a number of examples are there given. In the cases cited it is uniformly held that such present no issue of law, and should be overruled. And in *Burnette v. Elliott*, 72 Kan. at page 627, 84 Pac. at page 375, the court said:

"The complaint that the petition offends the rule regarding clearness and conciseness of statement will not avail, as indefiniteness and informality cannot be reached by a demurrer, much less by an objection to evidence."

31 Cyc. 282 says:

"Except in a few states where the Code enumerates ambiguity, indefiniteness, or uncertainty as a ground of demurrer, no demurrer will lie in the Code states for uncertainty or indefiniteness; a motion to make more definite and certain being the proper remedy."

*Burnette v. Elliott,* 72 Kan. 624, 84 Pac. 374; *Street R. Co. v. Stone,* 54 Kan. 83, 37 Pac. 1012; *McPherson v. Kingsbaker,* 22 Kan. 646; *Western Massachusetts Ins. Co. v. Duffey,* 2 Kan. 347; *Guthrie v. Shaffer,* 7 Okla. 459, 54 Pac. 698.

In point is also *Stiles, Treas., v. City of Guthrie,* 3 Okla. 34, 41 Pac. 386, where the court said:

"There was, however, no error committed in overruling the demurrer upon the ground of this misjoinder, for our statute does not make misjoinder of parties, either plaintiff or defendant, a ground of demurrer; and, although it may plainly appear on the face of the petition that there is a misjoinder of parties in one or both of these respects, it is not a defect in a petition for which a demurrer lies. *Winfield Town Company v. Maris,* 11 Kan. 128; *McKee v. Eaton,* 26 Kan. 226; *White v. Scott,* 26 Kan. 476; *Hurd v. Simpson,* 47 Kan. 372 [27 Pac. 961.]."

See, also, *Owen et al. v. City of Tulsa,* 27 Okla. 268, 111 Pac. 320, where this case is cited with approval.

The cause is therefore reversed and remanded, with directions to overrule said demurrer to the answer and proceed to the trial of the cause upon its merits.

All the Justices concur.