GALBREATH GAS CO. v. LINDSEY et al.

No. 6873—Opinion Filed Sept. 26, 1916.

Rehearing Denied Jan. 2, 1917.

(161 Pac. 826.)

1. Contracts — Construction—Consideration —Payment.

Where two parties enter into a written contract by the terms of which an easement in real estate is granted by the first party for a term of years, in consideration of certain things to be performed by the second party during said term of years, upon the execution of the contract, if the same is free from fraud, in its execution, it becomes an executed contract, and the consideration a paid consideration, so far as the first party is concerned, and the contract becomes an executory contract as to the second party, and is binding upon said second party.

2. Appeal and Error—Review—Trial to Court.

Where a cause is submitted to the court for trial, without a jury, by stipulation on questions of both law and fact; the judgment of the trial court will not be disturbed on questions of fact where there is any evidence to sustain such judgment.

3. Equity—Jurisdiction — Determination of All Controversies.

While a trial court to which a cause in equity has been submitted has and should retain jurisdiction for the purpose of adjusting all differences between the parties, the court is not required to render a judgment on an alleged claim of one of the parties, where no evidence is introduced which will justify the court in rendering judgment for any specific amount, and in order to render a judg

ment at all, the court would be required to hazard a guess as to the amount due on the claim, if any.

(Syllabus by Hayson, C.)

Error from District Court, Tulsa County; L. M. Poe, Judge.

Action by Lila D. Lindsey and her husband, Lee Lindsey, against the Galbreath Gas Company for injunction. Judgment for plaintiffs, and defendant brings error. Affirmed.

Haskell B. Talley and Shell S. Bassett, for plaintiff in error.

Charles L. Fields, for defendants in error.

Opinion by HAYSON, C. This was an action brought in the district court in and for Tulsa county, Okla., by Lila D. Lindsey and Lee Lindsey, defendants in error, against Galbreath Gas Company, a corporation, plaintiff in error, seeking to enjoin Galbreath Gas Company from cutting off the supply of natural gas from the premises belonging to the defendants in error, and to enjoin the plaintiff in error from seeking to collect a bill of $160 which plaintiff in error claimed to be due by reason of supplying natural gas to said premises.

The record discloses that on December 10, 1906, Lila B. Lindsey and Lee Lindsey and Galbreath Gas Company entered into a contract, by the terms of which the defendants in error, for the sum of $1 and certain covenants, agreements, and stipulations set out in the contract, let, leased, and demised to Galbreath Gas Company, the exclusive right for a period of 15 years to pipe for gas the streets and alleys in a certain tract of land designated the Lindsey's Second Addition. In consideration for such lease or demise, the plaintiff in error agreed to furnish for a period of 15 years all the gas that defendants in error might find it necessary to use for heating and lighting at their residence located in said Lindsey's Second Addition, at a rate of $6 per annum, payable at the rate of 50 cents for each month on the first of each month.

In pursuance to this contract the defendants in error forthwith provided their premises with the necessary pipes for conveying gas into said premises, and for the use of same for heating and lighting, and the plaintiff in error thereupon connected said pipes on said premises and duly furnished the gas as the contract provided. A short time thereafter the plaintiff in error at the request of the defendants in error connected with the pipes a certain gas engine and boiler, which defendants in error had builded on their

premises to be used to pump and force water from a well on their said premises into and through the tenements thereon.

The plaintiff in error continued to furnish gas under the contract till about May 16, 1909, when it presented a bill to defendants in error for $160 for the use of the gas in connection with engine and boiler, and threatened to disconnect its supply pipes for a refusal of defendants in error to pay the same. The record shows that the defendants in error had at all times complied with their contract and subsequent agreements in the payment of $6 per annum as provided in the contract. The defendants in error then filed their petition for an injunction. The plaintiff in error answered by general and specific denial, and as a special defense alleged that the defendants in error were estopped by reason of having used the gas for said engine and boiler, which consumed a large amount of gas, which was in addition to the purposes contemplated in the contract. Upon these issues the cause was tried, by stipulation, before the court without a jury. The court made certain requested findings of fact and conclusions of law, and rendered judgment for the defendants in error.

Plaintiff in error filed a motion for a new trial setting up 32 grounds for same, which was overruled by the court, and exceptions were allowed, and it now brings error here setting up 48 assignments of error. However, plaintiff in error states that:

"Synthesising these various assignments in error we may conveniently divide our brief into the following three divisions":

(a) Did the Lindseys pay, under the contract of December 10, 1916, the real consideration which induced the gas company to agree to give the Lindseys gas at $6 per year, and if this consideration was not paid, was the gas company bound thereby?

(b) Would the cutting off of the supply of gas under the contract of December 10, 1906, have caused an injury to the Lindseys which could not have been measured in damages?

(c) The trial court having taken jurisdiction of this cause as a cause in equity, should it not have retained jurisdiction for the purpose of adjusting all differences arising out of the subject of action as between these parties?

These questions will be discussed in their order.

"(a) Did the Lindseys pay, under the contract of December 10, 1906, the real consideration which induced the gas company to agree to give the Lindseys gas at $6 per year, and if this consideration was paid, was the gas company bound thereby?"

While it is doubtful whether this question is squarely raised by the pleadings in this case, and whether it was the theory upon which the case was tried, yet in a way it involves the question of whether or not the court erred in refusing to admit certain testimony offered by the plaintiff in error, to which the plaintiff in error excepted. The question is divided into two sections: (1) Was the consideration paid by the Lindseys? (2) If the consideration was paid, was the plaintiff in error bound thereby? If the first section of the question is answered in the affirmative, it disposes of the second section.

The consideration which the Lindseys were to pay was the granting of the exclusive right to the plaintiff in error, for a period of 15 years, "to pipe for gas the streets and alleys in the Lindsey's Second Addition" from December 10, 1906. Did the Lindseys at that time own and control the land known as Lindsey's Second Addition? The record discloses that this land was adjacent to the city of Tulsa, I. T., and it was owned by the Lindseys; that it was surveyed into lots and blocks, and streets and alleys in April, 1905, and was dedicated some time during the spring of 1907; that from the time it was surveyed and platted that the defendants in error were selling lots to individuals. The contract shows that the plaintiff in error was fully aware of the character of the addition and knew that in the very nature of things the lots would be owned by various individuals.

The contract provides:

"The contracts based hereon shall not be repealed or modified by any existing or subsequent ordinance of the city of Tulsa, if the said Lindsey's Second Addition should hereafter become a part of the incorporated city of Tulsa."

This shows that at the time the contract was entered into, the plaintiff in error was aware or should have been aware of existing ordinances of the city of Tulsa relating to franchises to gas companies, and was aware of the kind and character of the land known as Lindsey's Second Addition, and that the same was likely to become an addition to the city of Tulsa and subject to the ordinances of that city. The record discloses that on the same day, December 10, 1906, a contract was entered into between plaintiff in error and the defendants in error, in which the plaintiff in error agreed to "furnish all premises in Lindsey's Second Addition, for a period of 15 years, gas for heating and lighting purposes at not exceeding 20 cents per 1,000 cubic feet," etc. Both of these contracts were filed for record, February 25,

1907, over two months after the same were executed by the parties. There is nothing in the record to disclose that the defendants in error had ever granted the right or privilege to any other gas company to pipe Lindsey's Second Addition for gas; but upon the contrary it discloses that the company who had piped a certain portion of said premises had done so without the knowledge or consent of the Lindseys and were trespassers upon the land. We therefore conclude in view of this record that on the 10th day of December, 1906, the Lindseys, defendants in error, not having previously granted any right to any one to pipe Lindsey's Second Addition for gas, had the right to grant the exclusive right to plaintiffs in error, and by the execution of the contract did so grant to the plaintiff in error the exclusive right to pipe for gas the Lindsey's Second Addition for a period of 15 years. That upon the execution of such contract, the consideration became a paid consideration upon the part of the defendants in error. Especially is this true in view of the fact that the contract contains no covenant of warranty. We therefore conclude that the mass of testimony consisting of deeds, city ordinances, etc., offered at the trial, as evidence by plaintiff in error, was properly excluded. The consideration having become a paid consideration and the contract an executed contract upon the part of defendants in error, and the consideration and contract being executory upon the part of plaintiff in error, to be performed during the ensuing 15 years, we conclude that the plaintiff in error was bound by the payment of such consideration by the Lindseys.

"(b) Would the cutting off of the supply of gas under the contract of December 10, 1906, have caused an injury to the Lindseys which could not have been measured in damages"?

This is the second time this cause has been before this court. In Galbreath Gas Company v. Lindsey et ux., 35 Okla. 235, 129 Pac. 45, in the second paragraph of the syllabus, the court says:

"Petition examined, and held that a threatened irreparable injury for which the law affords no adequate remedy is disclosed on its face, and that the same properly invokes the aid of a court of equity in the absence of an allegation that defendant is insolvent."

This case was tried by the court, without a jury, upon stipulation of counsel. The court upon a consideration of the testimony found that an irreparable injury was threatened. There being ample evidence in the record to sustain this view of the trial court, his decision will not be disturbed here.

**"(c)** The trial court having taken juris-diction of this cause, as a cause in equity, should it not have retained jurisdiction for the purpose of adjusting all differences aris-ing out of the subject of the action as be-tween these parties"?

To this question we will say, "Yes," in so far as possible for the court to adjust such difference. But equity does not demand those things to be done which it is impossible to do. So far as we are able to determine from the record there was no way in which to de-termine the amount of gas used by the gas engine installed by defendants in error. There was nothing to have prevented the plaintiff in error from accurately measuring this gas as it was consumed. In its answer to the petition filed in the trial court, the plaintiff in error says:

"The defendant states that the plaintiffs have used on their premises the gas of the defendants for the purpose of running a gas engine which consumes a large amount of gas and an amount, in all probability, exceeding the gas consumed for all other purposes by plaintiff for heating and lighting purposes."

There is nothing in the testimony that clar-ifies the situation, and the court is not re-quired to hazard a guess or conjecture upon the matter. It was incumbent upon the plain-tiff in error to establish by the evidence the amount of gas used on account of the gas engine independent of the amount used for heating and lighting. Failing to do this, but on the contrary testifying, in effect, that it could not be done, it cannot complain because the court did not render judgment for its claim. The cause will not be reversed be-cause the court did not hazard a guess upon the proposition, and did not render a judg-ment thereon.

Finding no error in the record, the judg-ment of the trial court will be affirmed.

By the Court: It is so ordered.