Thatcher *et al. v.* Humble.

---

THATCHER ET AL. *v.* HUMBLE.

INJUNCTION.—*Cutting Growing Trees.—Trespass.—Remedy.*—Injunction will lie to prevent the cutting of growing walnut trees, reserved by the owner of the land as a timber lot.

Thatcher *et al.* *v.* Humble.

SAME.—*Jurisdiction.*—The proper circuit court has jurisdiction, in such action.

From the Kosciusko Circuit Court.

*C. Clemans* and *A. C. Clemans*, for appellants.

Howk, J.—This was a suit by the appellee, against the appellants, to obtain an injunction.

The appellants demurred to appellee's complaint, for the alleged insufficiency of the facts therein to constitute a cause of action, which demurrer was overruled by the court, and to this ruling they excepted. They then answered the complaint, by a general denial thereof. The cause was tried by a jury, and a verdict was returned for the appellee, that the appellants " be restrained and enjoined from cutting down and removing the walnut timber trees described in plaintiff's complaint."

The appellants' motion in arrest of judgment having been overruled, and their exception entered to this decision, the court rendered judgment upon the verdict, that the appellants be enjoined and restrained from cutting or removing the walnut trees described in the complaint, and that they pay the costs of this suit.

In this court, errors are assigned which call in question the sufficiency of the facts stated in appellee's complaint, to constitute a cause of action, and the jurisdiction of the court below of such cause of action.

In his complaint, the appellee alleged, in substance, that he was the owner, and in the peaceable possession, of certain real estate, particularly described, in Kosciusko county, Indiana; that there were growing on said real estate fifteen walnut trees, of the value of sixty dollars; that the appellants were cutting down said walnut trees, without right, and without any license from the appellee; that the said trees were young, and their removal and destruction would greatly and permanently injure said real estate, as the appellee was retaining that part of his real estate for a

timber lot, and their destruction would permanently injure such timber lot; that the appellants had cut down one of said trees, and were then threatening to cut down and remove all of them; that the said real estate was improved, used and occupied as a farm, and that all of the trees, which ought to be removed therefrom, had been cleared and removed; that the said timber lot was needed and should be maintained, and the destruction of any of the growing timber thereon would permanently injure said farm, and that, before notice could be served on the appellants, for a hearing of this cause, they would have cut down and destroyed said walnut trees. The prayer of the complaint was for a temporary restraining order, and, on final hearing, for a perpetual injunction against the appellants, restraining them from cutting down or removing any of said walnut trees. This complaint was duly verified by the oath of the appellee.

By section 136 of the practice act, it is provided that restraining orders and injunctions may be granted " by the circuit courts in their respective counties in term time, or by the judge thereof in vacation." 2 R. S. 1876, p. 92. The appellee's farm and his timber trees, growing thereon, were situate in Kosciusko county, and we can conceive of no possible reason, why the Kosciusko Circuit Court did not have full, complete and exclusive original jurisdiction of the appellee's cause of action, if he had any. It is said in argument, by the appellants' counsel, that the averments of the complaint " do not, in any event, give the court jurisdiction of the subject of the action, which is no more than a trespass." But the Kosciusko Circuit Court, under the first clause of section 28 of the code, has jurisdiction of actions of trespass " for injuries to real property," in Kosciusko county. 2 R. S. 1876, p. 44. The point made by counsel, as we understand it, goes to the sufficiency of the appellee's cause of action, and not to the jurisdiction of the court of the subject of the action. There is no room

for doubt, as it seems to us, in regard to the court's jurisdiction of the subject-matter of this action.

The real and only question for decision in this case, as shown by the record, is this: Is the case, made by the allegations of his complaint, one in which the appellee was entitled to the assistance of " the strong right arm of the law," to prevent the threatened destruction of his growing walnut trees? It seems to us that this question ought to be, and must be, answered in the affirmative. In section 137 of the practice act, it is provided as follows : "Where it appears by the complaint, that the plaintiff is entitled to the relief demanded, and the relief, or any part thereof, consists in restraining the commission or continuance of some act, the commission or continuance of which, during the litigation, would produce great injury to the plaintiff; * * * * an injunction may be granted to restrain such act * * until the further order of the court, which may afterwards be modified upon motion." 2 R. S. 1876, p. 93.

It is insisted by appellants' counsel, that the complaint, in the case at bar, simply charged the appellants with the commission, or threatened commission, of a mere trespass in cutting down his walnut trees and removing the same from his farm ; that,for this mere trespass, the appellee had a full and complete remedy, in an action at law for compensation in damages for the injuries complained of; and that, in such a case, the courts of this State were not authorized by law to intervene, and, by injunction, stop the commission of the threatened wrong. It seems to us, however, that the appellants' counsel have, to some extent at least, misapprehended the case made by the allegations of the appellee's complaint. The case is not one of threatened trespass merely, in which the appellee would be, or might have been, fully compensated in damages for the actual commission of the threatened injuries. Walnut trees have a value in addition to the value of the timber which may

be obtained therefrom. Growing walnut trees are nut-bearing trees, and, in some parts of this country, they are cultivated for the nuts or fruit they bear. Aside from this quality of walnut trees, their timber is possessed of peculiar qualities which render it a valuable commodity in commerce and manufactures.

It seems to us, therefore, that, in the case made by the appellee's complaint, an action at law for compensation in damages would not have afforded him a sufficient and adequate remedy for the destruction and removal of his walnut trees. In such a case, the appellee was clearly entitled to a temporary order restraining the commission of the threatened injuries during the litigation; and if, upon the final hearing, the allegations of his complaint were sustained by a fair preponderance of the evidence, the court did not err, in our opinion, in granting him a perpetual injunction against the appellants, as prayed for in his complaint. The evidence is not in the record, and, in its absence, we are bound to presume that it fully sustains the finding and judgment of the court. *Myers* v. *Murphy,* 60 Ind. 282.

In the case of *Watson* v. *Sutherland,* 5 Wal. 74, the law in such cases as the one at bar is thus stated by the Supreme Court of the United States : "If the remedy at law is sufficient, equity can not give relief, 'but it is not enough that there is a remedy at law; it must be plain and adequate, or in other words, as practical and efficient to the ends of justice, and its prompt administration, as the remedy in equity.' *    *    *    *    *    *    *    *

"To prevent a consequence like this, a court of equity steps in, arrests the proceedings *in limine;* brings the parties before it; hears their allegations and proofs, and decrees, either that the proceedings shall be unrestrained, or else perpetually enjoined. The absence of a plain and adequate remedy at law affords

the only test of equity jurisdiction, and the application of this principle to a particular case, must depend altogether upon the character of the case, as disclosed in the pleadings." *English* v. *Smock*, 34 Ind. 115 ; *Clark* v. *The Jeffersonville, etc., R. R. Co.*, 44 Ind. 248.

We find no error in the record of this cause.

The judgment is affirmed, at the appellants' costs.