Denny *et al. v.* Denny.

No. 14,066.

## DENNY ET AL. *v.* DENNY.

DECEDENTS' ESTATES.—*Right of Widow to $500 in Property.—Time of Selection.*—The right of a widow to select and take at the appraised value articles mentioned in the inventory, not exceeding five hundred dollars in value, continues up to the time of the sale, and such right is not affected by the fact that she has made a partial selection before the return of the inventory.

SAME.—*Injunction.—Sale of Personal Property by Executor.*—In such case, where the executor is threatening to sell the property, which is needed by the widow, and can not be replaced by her, injunction is an appropriate remedy.

From the Washington Circuit Court.

*D. M. Alspaugh* and *J. C. Lawler,* for appellants.

*S. B. Voyles* and *H. Morris,* for appellee.

MITCHELL, C. J.—Mary Denny, widow of Christian H. Denny, deceased, commenced this proceeding to enjoin the appellants, as executors of the last will and testament of her deceased husband, from selling four hundred bushels of corn, part of the assets of the estate of Christian H. Denny, which the plaintiff alleged she had taken at the appraisement as part of the five hundred dollars to which she was entitled, under the statute, as widow. She averred that she had selected and taken other property of the value of one hundred and fifty dollars, and that the corn in dispute had been appraised at one hundred and forty dollars; that, although she had delivered a receipt therefor to the executors, and demanded that it should be set off to her, they had advertised and were about to sell the corn at public sale, and that if it should be sold, she would be left without necessary feed for her animals, and that other corn could not then be readily procured.

The executors answered, in substance, that, before returning the inventory of the personal estate of the decedent,

they presented it to the widow and requested her to select such property therein inventoried as she desired to take at the appraisement; that she selected property amounting in value to one hundred and fifty dollars, and that the property selected did not include the corn in dispute. They alleged that the articles selected by her had been duly noted on the inventory, which they averred had been duly signed and returned to the proper clerk's office before the plaintiff notified them that she desired to take the corn in question, and that since the appraisement, and the return of the inventory, the corn had appreciated in value some thirty-five cents per bushel.

The learned court below was of opinion that the plaintiff, upon the facts presented, was entitled to take the corn at the appraisement, and accordingly an order was entered enjoining the appellants from proceeding with the sale, and directing that the corn be delivered to the plaintiff.

The only question involved is as to the right of the widow to select and take property at the appraised value after the return of the inventory and before the sale.

It is provided in section 2269, R. S. 1881, that "The widow of the decedent, whether he die testate or intestate, may, at any time before the *sale*, select and take articles therein named at the appraisement, not exceeding, in the aggregate, five hundred dollars," etc.

The statute of 1852, and the amendments thereto, in force prior to the act of 1881 above set out, uniformly provided that "The widow, at any time before the *return* of such inventory, may select and take articles therein appraised, not exceeding in value three hundred dollars," etc. 2 G. & H. 495.

The statute regulating the descent of property, in force prior to the acts of 1881 (1 G. & H. 295), contained a provision to the effect that "A surviving wife shall be entitled, before any distribution, to three hundred dollars of personal property of her deceased husband, to be selected by her at

its appraised value; or, if said property shall have been sold, then, to three hundred dollars out of the proceeds thereof."

In a suit by a widow upon an administrator's bond to recover damages for refusing to permit the plaintiff to select and take property under the above statutes, it was held that the statute last above referred to clearly contemplated that the widow should have the right to select and take property at its appraised value at any time before it should have been sold. It was further held that, although the statute then in force, which provided that she might take property at any time *before* the return of the inventory, was the later of the two, it did not modify the earlier statute, which authorized her to take any time before sale, so as to require the widow to select property before the return of the inventory. *Hamilton* v. *Matlock*, 22 Ind. 47.

With this construction of prior statutes before it, the Legislature in 1881 provided, in terms, that the widow of a decedent might, *at any time before the sale*, select and take articles at the appraisement. There would seem to be no room left for construction.

The statute confers a right upon the widow. It is to be administered so as to make the right available to the full extent contemplated by the Legislature.

The right of the widow to select and take at the appraised value articles mentioned in the inventory, not exceeding in the aggregate five hundred dollars in value, is a right which continues up to the time of the sale. It is not in the power of the executor or administrator to impair or abridge this right by demanding of the widow that she select the articles to be taken before the inventory is returned. Nor is her right to make selection, after the return of the inventory, affected by the fact that she may have made a partial selection before. Within the time fixed by the statute, her right of election to take at the appraisement is absolute. *Wilson* v. *Moore*, 86 Ind. 244.

It is suggested that to so construe the statute as to permit

the widow to select articles after the return of the inventory renders it practically impossible for executors and administrators to comply with sections 2269 and 2270, in regard to noting on the inventory the articles taken by her, and making return thereof with the general inventory. Of course, it can be readily seen that it was contemplated that the widow would in fact, as is usually the case, make selection of such articles as she desired to take, before the return of the inventory, but it by no means follows, because of the provision concerning the manner of noting thereon, verifying, and returning the inventory, that the affirmative right of the widow to select articles at any time before the sale is thereby limited or controlled.

The other suggestion, that the sale is to be considered as having been initiated or as having taken its inception from the time of the filing of the inventory, is not regarded as of controlling force.

Finally, it is contended that, as the plaintiff below might have maintained a suit upon the bond of the executors, she had an adequate remedy at law, and that she had hence no right to invoke the aid of a court of equity to enjoin the sale.

The complaint, however, shows that the executors—upon the view we have taken of the case—were wrongfully proceeding to sell property which they had no right to sell; that this property was in effect owned by, and was then needed for use in sustaining animals belonging to, the plaintiff, and that she would be unable to secure other corn for use if that claimed was sold. This presented a state of facts which made it apparent that the plaintiff had no other complete and adequate remedy.

If it be conceded that the plaintiff might have maintained a suit on the bond, it does not necessarily follow that she must have permitted the corn, to which she had a clear legal right, to be sold. She was not bound to take the chance of obtaining other corn or of leaving her animals to suffer for

want of feed. As has been said: "It is not enough that there is a remedy at law; it must be plain and adequate, or in other words, as practical and efficient to the ends of justice, and its prompt administration, as the remedy in equity." *Watson* v. *Sutherland*, 5 Wall. 74; *Bishop* v. *Moorman*, 98 Ind. 1, and cases cited. There was no error.

The judgment is affirmed, with costs.

Filed Dec. 22, 1887.