The Town of Winamac *et al. v.* Huddleston.

No. 16,614.

THE TOWN OF WINAMAC ET AL. *v.* HUDDLESTON.

CITIES AND TOWNS.—*Power to Issue Bonds.*—A town can not, under the Constitution of this State, issue bonds to obtain funds with which to rebuild a school-house, when the issuance of the bonds will create a debt in excess of two per centum of the taxable value of the property within the corporate limits of the town.

SAME.—*Enjoining Issuance of Bond.*—A taxpayer may maintain an injunction to prevent the issuance of corporate bonds without authority.

From the Pulaski Circuit Court.

*B. Borders* and *F. L. Duke,* for appellants.

*J. C. Nye* and *R. A. Nye,* for appellee.

ELLIOTT, J.—The board of trustees of the town of Winamac adopted an ordinance directing bonds of the town to be issued to procure funds with which to rebuild a school-house that had been destroyed by fire. The ordinance directs the proper officers to execute the bonds of the corporation, and the officers propose to execute the bonds as directed. The bonds, if issued, will create a debt in excess of two per centum of the taxable value of the property within the corporate limits of the town.

There can be no doubt that if the bonds are executed as proposed, and are of any validity, they will create a debt against the public corporation. In this particular, as in others, this case is radically different from that of *City of Valparaiso* v. *Gardner,* 97 Ind. 1. The debt created by a bond executed by a public corporation is not an obligation payable out of specific funds, but is a contract to pay money generally, and hence this case is not within the doctrine of such cases as *Quill* v. *City of Indianapolis,* 124 Ind. 292; *Strieb* v. *Cox,* 111 Ind. 299; *Board, etc.,* v. *Hill,* 115 Ind. 316. A valid bond binds the corporation directly and unconditionally, unless it is otherwise expressly stipulated in the instrument or provided by law. If the bonds proposed

to be issued are not valid because of want of authority, then, no matter what may be the cause of the invalidity, they should not be issued, so that if counsel are right in saying that the town has no authority to issue the bonds the judgment below must be sustained. If there was error in favor of the appellants, they can not successfully complain. See authorities cited in Elliott App. Proc., sections 314, n. 2, 317, n. 2.

The constitutional provision restricting the power of public corporations to incur debts reads thus: "No political or municipal corporation in this State shall ever become indebted, in any manner or for any purpose, to an amount in the aggregate exceeding two per centum on the value of the taxable property within such corporation, to be ascertained by the last assessment for State and county taxes previous to the incurring of such indebtedness; and all bonds or obligations, in excess of such amount, given by such corporation, shall be void."

We can see no possible reason for holding that bonds issued to build a school-house are not within the constitutional provision quoted, nor can we conceive of any reason upon which it can be held that because there is a provision or promise to levy taxes to pay the bonds, the constitutional provision does not apply. We may regret that the town of Winamac can not issue bonds to rebuild its school-house, but we can not escape the force of the strong and plain provision of our organic law.

A taxpayer may maintain injunction to prevent the issue of corporate bonds without authority. There is no other remedy of equal power and efficiency, and the case, therefore, comes within the rule declared in such cases as *Watson* v. *Sutherland,* 5 Wall. 74; *Denny* v. *Denny,* 113 Ind. 22; *Bishop* v. *Moorman,* 98 Ind. 1, and the cases there cited.

Judgment affirmed.

Filed July 1, 1892.