Monks, J.
This appeal was taken from a judgment and decree granting appellee a perpetual injunction against appellants with damages. Each appellant assigned as error:
1. The amended complaint does not state facts sufficient to constitute a cause of action.
2. The court erred in overruling appellants’ motion for a new trial.
3. The court erred in overruling appellants’ motion to modify the judgment and decree.
The amended complaint, so far as necessary to the determination of the questions, presented, is substantially as follows: “During the year p.892, the Xenia Real Estate Company was a corporation organized under the laws of the State for the purpose of purchasing and platting lands into lots and drilling wells for natural gas in order to supply gas to consumers, and for the general improvement of the town of Converse; and that the company had caused to be drilled on property controlled by it a well which produced a large supply of natural ga.s and which from said date *568 until the present time continues to supply a large quantity of natural gas which said company has been furnishing to consumers. That the supply of natural gas from said well was and is of uncertain quantity and duration in time. That in October, 1892, appellee contemplated the' construction and operation of an electric light plant, in said town of Converse, for the purpose of furnishing lights to said town and to private consumers. That said appellant, the Xenia Real Estate Company, had platted a large tract of land into lots adjoining said town and was desirous that said electric light plant should be located at or near said gas well, owned by said real estate company, believing that such location would enhance the value of their said lots, and that in consideration of such location of said electric light plant and power house upon a site to be selected by said Xenia Real Estate Company, said company agreed to convey to appellee certain lands, upon which the necessary buildings, fixtures and appurtenances thereto belonging could be erected, and would furnish to him for the purpose of operating said plant a supply of natural gas sufficient for said purpose, free of charge, so long as said gas well would supply the same, provided that said real estate company should not be prohibited from using natural gas from said well for other purposes, but should continue to furnish appellee with sufficient gas for the purpose of operating said electric light plant so long as said gas well should supply gas. That pursuant to said agreement the Xenia Real Estate Company conveyed certain real estate [describing it] to appellee, and selected it as the site upon which said electric light plant should be located, and appellee accepted the same and erected said plant thereon, and connected the same with the main pipe line from said natural gas well at the place designated by said Xenia Real *569 Estate Company, and has continuously operated said electric light plant from that date until the commencement of this action, and in all things complied with his agreement with said company.
That in March, 1895, the Xenia Real Estate Company sold and conveyed the real estate upon which said natural gas well is located to appellant, Alexander W. Fink. That appellees, William Baldwin and Edward W. Tucker joined with said Fink in the purchase of said real estate, but the deed therefor was made to said Fink. That said persons named had ■actual notice and well knew of said agreement betAveen appellee and the Xenia Real Estate Company, and of all appellee’s rights therein. That said natural gas well has continuously, from the time of the agreement to the present time, furnished and still furnishes an abundant supply of natural gas for the operation of said electric light plant. That appellants are threatening, and if not restrained from so doing will withhold the supply of said gas from appellee, and-are threatening to disconnect said plant from said natural gas well. That appellee is under contract for the furnishing of electric light to said town of Converse and to numerous private consumers, all made on the faith of said agreement with the Xenia Real Estate Company, and that he will be unable to comply with the terms of his contracts and furnish electric light to said town and the private consumers, and render himself liable for damages to said consumers if he is prevented from obtaining a supply of gas from said gas well through said gas main and pipes for the purpose of operating said electric light plant, and there is no other gas well accessible to said plant and he has no other means of obtaining fuel for the operation of said plant without great delay and expense. That appellants have at different times disconnected said plant *570 from said gas well and appellee has been pnt to great expense. Prayer for injunction and damages.”
There was no demurrer to the complaint in the court below, and it is well settled that when the sufficiency of a complaint is tested for the first time by an assignment of error in this court, it will be held sufficient if it contain facts enough to bar another action. Citizens’, etc., R. R. Co. v. Willoeby, 134 Ind. 563, 565, and cases cited; Loeb v. Tinkler, 124 Ind. 331, 333, and cases cited.
It is not insisted by appellants that the complaint does not state facts sufficient to constitute a cause of action for damages, but that it does not state facts sufficient to entitle appellee to an injunction.
If the complaint states facts sufficient to entitle appellee to damages, a part of the relief prayed for, it is sufficient to withstand the first error assigned or even a demurrer for want of facts. Culbertson v. Munson, 104 Ind. 451; Bloomfield, R. R. Co. v. Van Slike, 107 Ind. 480; Owen School Township v. Hay, 107 Ind. 351; Locke v. Catlett, 96 Ind. 291; Loeb v. Tinkler, supra.
We think the complaint not only states facts sufficient to entitle appellee to damages, but also to an injunction.
It is not necessary in an application for an injunction, as insisted by appellant, to aver and prove that the plaintiff will suffer irreparable injury if the relief by injunction is not granted. All that is necessary is to aver that the plaintiff will suffer great injury. Section 1162, Burns’ R. S. 1894 (1148, R. S. 1881).
If from the facts alleged in the complaint, it is apparent that appellee had no other complete or adequate remedy, the same was sufficient to entitle him to an injunction. Denny v. Denny, 113 Ind. 22; Champ v. Kendrick, Tr., 130 Ind. 549, 553; Bishop v. Moorman, *571 98 Ind. 1; Erwin v. Fulk, 94 Ind. 235; Allen v. Winstandly, 135 Ind. 105, 109.
It was said' by this court in Champ v. Kendrick, Trustee, supra, quoting from 3 Pom. Eq. Jur. section 1357: “That a remedy which prevents a threatened wrong is in its essential nature better than a remedy which permits the wrong to be done, and then attempts to pay for it by pecuniary damages which a jury may assess.” Denny v. Denny, supra, was an action brought by a widow to enjoin the executor from selling corn which she claimed the right to take as such widow at its appraised value, an injunction was granted by the trial court. This court in affirming the judgment said: “If it be conceded that the plaintiff might have maintained a suit on the bond, it does not necessarily follow that she must have permitted the corn, to which she had a clear legal right, to be sold. She was not bound to take the chance of obtaining other corn or leaving her animals to suffer for want of feed. * * * ‘-It is not enough that she. had a remedy at law; it must be plain and adequate, or in other words, as practical and efficient to the ends of justice, and its prompt administration, as the remedy • in equity.’ ”
The complaint alleges that, relying upon the agreement of the Nenia Real Estate Company to furnish natural gas from their well and permit appellee to connect the gas main from said well with his light plant, he erected the same at large expense and entered into a number of contracts to furnish electric light to the city and private consumers, and that to disconnect the light plant from said natural gas main will cause a breach, on his part, of the contracts to furnish light to said consumers for which he would be liable in damages, and that there is no other gas well accessible to said plant and he has no other means *572 of obtaining fuel for the operation of said plant without great delay and expense.
Moreover, it is alleged in the complaint that the supply of natural gas from said well is of uncertain quan-. tity, and the time it will furnish a supply of gas is not known. Taking these averments with the other facts alleged as to the effect of disconnecting appellee’s plant from the gas well and it would be impossible to estimate his damages.
The allegations show that, if appellants were permitted to carry out their threats, appellee would suffer great injury; and it is apparent from the facts alleged that there is no complete or adequate remedy except injunction, thus bringing the case clearly within the rule as declared by this court.
Appellant insists, however, that the contract set out in the complaint is so uncertain and indefinite in its terms that it cannot be enforced by specific performance and that, therefore, the complaint will not sustain an injunction.
To the doctrine that an injunction will not be allowed when the contract is not capable of enforcement by specific performance there are exceptions. Singer Mfg. Co. v. Union Button-Hole, etc., Co., 6 Fisher Pat. Cas. 480, 1 Holmes 253; Chicago, etc., R. W. Co. v. New York, etc., R. R. Co., 24 Fed. 516; People v. Manhattan Gas Light Co., 45 Barb. (N. Y.) 136; Dietrichsen v. Cabburn, 2 Ph. Ch. 52; Hooper v. Brodrick, 11 Sim. 47; 2 High on Injunctions, section 1109, on p. 862; Fetter on Equity, p. 269, note 21, and section 189, pp. 294, 295, and cases cited in notes 22, 23; 2 Beach Eq. Jur., section 767, and cases cited.
The contract alleged in the complaint provides that appellee was entitled to sufficient natural gas with which to operate his electric light plant so long as said gas well would supply the same. The Xenia Real Es *573 tate Company had the right to use gas from the well for other purposes, but was required to furnish appellee with sufficient gas to operate said plant so long as said gas well should supply gas.
The contract, when interpreted under the rules of law, expresses with sufficient certainty the agreement of the parties, and is binding upon them.
In Graves v. Key City Gas Co., 83 Iowa 714, 50 N. W. 283, the language of the contract was in many respects like that of the contract in this case. In that case the Key City Gas Company entered into a contract with Graves' “that gas for all ordinary purposes, including gas log in library, hereafter used in the present residence and out-buildings of said Graves, and including two street lamps in front of said residence on Eenelon place, city of Dubuque, shall be free of cost-for a period not exceeding twenty years: provided, said premises are occupied by said. Graves or his family as their residence.” It was alleged in the complaint that the Key City Gas Company refused to supply the gas as provided in the contract and threatened to disconnect the gas pipes so as to wholly cut off the supply of gas to which plaintiff (Graves) was entitled under the contract. Prayer for injunction, etc. Among other objections to the complaint, it was urged that the “agreement is so vague, indefinite and uncertain that it is not susceptible of specific performance, and a decree therefor could not properly be ordered, nor an injunction against its violation be properly issued.”
The court held that said contract was not void for uncertainty and that Graves was entitled to an injunction.
In Whitman v. Fayette Fuel-Gas Co., 139 Pa. St. 492, 20 Atl. 1062, a contract between a natural gas company and the owners of a glass works, provided that the former should supply gas for fuel to the latter “for *574 all purposes connected with the manufacture of the wares aforesaid, * * * so long as natural gas may continue to be produced from the territory now or hereafter owned or operated by the said Fayette Fuel-Gas Company, its successors, or assigns.” On a bill averring that, relying on the contract, plaintiff’s works had been constructed for the use of natural gas only as fuel and that the company had shut off the entire supply while the works were in operation, endangering loss incapable of accurate adjustment, it was held that a preliminary injunction mandatory to the extent of restoring the statu quo should issue.
The contract in this case is no more vague and uncertain in the respect urged by appellant than the contracts which were sustained in the Iowa and Pennsyl-vania cases above cited.
It is clear, we think, that the facts alleged in the complaint were sufficient to entitle appellee to an injunction. Besides, if it were conceded that appellee’s right, under the contract to convey the gas from said gas well or gas main to his plant and use the same in operating said plant was a license, such license upon the facts alleged was executed and must be deemed irrevocable and relief by injunction is proper. Rogers v. Eich, 146 Ind. 235, and cases cited.
Before any evidence was heard, appellants requested the court to order a separation of the witnesses of appellee, and that they be required to retire from the court room during the introduction of the evidence, except when called to testify. Appellee requested that the same rule be extended to appellant’s witnesses. These requests were granted. Four of the five directors of the Xenia Real Estate Company were witnesses for appellants and it was demanded by the attorney for said corporation that they be excepted from the rule and be permitted to remain in the court *575 room during the trial. The court permitted the corporation to select one of said directors to remain in the court room, which selection was made, and the other three directors who were witnesses in the cause were excluded from the court room, to which ruling of the court in excluding the three directors proper exceptions were at the time reserved. This is assigned as a cause for a new trial by the Xenia Real Estate Company.
It is true, as contended by appellants, that parties to the action who have a substantial interest therein, have the right, unless forfeited by misconduct, to be present in the court room during the trial of a cause, even though they may be witnesses, and it is error to exclude them. Shew v. Hews, 126 Ind. 474, 476, and cases cited.
The directors of the Xenia Real Estate Company were not parties to the action and as it was not shown that it was in any way necessary for them to remain in the court room, it was not error, therefore, to exclude from the court room the directors who were witnesses.
It is within the discretion of the trial court to except from the order directing a separation of the witnesses any agent, director or managing officer of a corporation who is a witness in the cause and whose presence is essential to advise counsel so as to. enable them to properly conduct the cause. Indianapolis Cabinet Co. v. Herrman, 7 Ind. App. 462, 465; Elliott’s App. Proced., section 618, p. 538; 2 Elliott’s Gen. Prac., section 562.
Appellants claim that the evidence shows that appellee’s plant was disconnected from the gas well when this action was commenced and that in such case an injunction cannot be granted, unless the contract could be enforced by an action for specific performance.
*576 What we have said concerning tbe complaint disposes of this contention. Under tbe allegations of tbe complaint, appellee was entitled to a mandatory injunction for tbe purpose of restoring tbe statu quo if necessary. Tbe evidence shows, however, that tbe pipes were restored and tbe appellee’s plant connected with tbe well the same day tbe action was brought and so. continued until tbe trial, thus restoring tbe statu quo and rendering a mandatory injunction at that time unnecessary.
By tbe decree appellants were forever enjoined from disturbing or in any way interfering with appellee’s supply of gas as by him obtained and used from tbe natural gas- well, and were “to permit appellee to continue to úse and enjoy tbe benefit and tbe use of gas from said well through a pipe as large as that now in use so long as be or bis successors shall continue to use said real estate for tbe purpose of bis electric light plant. They were also “enjoined from cutting tbe pipes, and from obstructing or impeding in any form or manner tbe flow of gas from tbe gas well to appellee’s plant.”
Appellants moved to modify tbe decree by adding tbe following: “Provided, however, that said Xenia Real Estate Company and Alexander Fink shall not be prohibited and they are not herein enjoined from using natural gas from said well for other purposes, and such other use of gas shall not be considered as an interference with appellee’s right herein.”
Tbis motion was overruled and is tbe third error assigned. Appellants omitted from tbe proviso set out in their motion to modify tbe judgment, tbe following: “but shall continue to furnish appellee with sufficient gas for tbe purpose of operating said electric light plant so long as said well should supply gas.” These words are set out as a part of said proviso in tbe *577 complaint, and appellants have no just ground to complain when they have omitted from said motion to modify an important and controlling part of said proviso.
Besides, the only answer to the complaint was a general, denial, and there was in the issues tried, nothing in regard to the Xenia Real Estate Company owing any duty to the public to supply natural gas to customers generally. The only question was as to the contract and the rights and obligation of the parties respectively thereunder. In this view the decree was perhaps more favorable to appellants than they were entitled to under the issues.
Finding no error in the record, the judgment is affirmed.