## MILLER ET AL. *v.* BOWERS.

[No. 4,171.    Filed November 25, 1902.]

INJUNCTION.—*Public Improvements.*—*Remedy of Taxpayer.*—A resident taxpayer who has been assessed for the purpose of raising funds for the construction of a road, has such an interest in the funds as to give him the right to prevent their application to a wrongful purpose.    *p. 117.*

SAME.—*Public Improvements.*—*Remedy of Taxpayer.*—A suit to enjoin contractors from placing on a road slate and shale instead of blue limestone, as provided by the contract, and to prevent the board of commissioners from making allowances to the contractors for such work, is not a proceeding to have the contract performed, but to prevent the violation of the law for the protection of the public funds.    *pp. 117, 118.*

SAME.—*Public Improvements.*—*Remedy at Law.*—The right of a taxpayer to bring suit on a contractor's bond, does not constitute such a remedy at law as to preclude the taxpayer from maintaining a suit to enjoin the contractors from placing slate and shale on a road instead of limestone, and to prevent the board of commissioners from making allowances for such work.    *p. 118.*

SAME.—*Pleading.*—It is not necessary in a suit for injunction to aver and prove that the party will suffer irreparable injury if the injunction is not granted, but it is only necessary to aver and prove that he will suffer great injury.    *pp. 118, 119.*

From Adams Circuit Court; *D. D. Heller*, Judge.

Injunction proceeding by John S. Bowers against Calvin Miller and others. From a judgment for plaintiff on demurrer to complaint, defendants appeal. *Affirmed.*

*A. P. Beatty, Schaffer Peterson* and *C. J. Lotz*, for appellants.

*R. K. Erwin* and *D. B. Erwin*, for appellee.

ROBINSON, J.—The board of county commissioners entered into a contract with certain contractors to build a macadam road. The contract provided that the road should be built wholly of blue limestone taken from certain quarries. It is averred in the complaint that instead of building

Miller *v.* Bowers.

the road of blue limestone, the contractors are building and threatening to build the road of slate and shale, a material wholly and entirely worthless for the purpose of building macadam roads. Appellee, "a legal *bona fide* resident and taxpayer" of the township in which the road is located, and "interested in and assessed for the purpose of raising funds for the payment for the construction" of the road, sues to enjoin the contractors from placing on the road other and different material than blue limestone, and from using the slate and shale, and the board from making allowances to the contractors for such work. The only question presented is the sufficiency of the complaint.

Appellants' argument is directed to two propositions,— that appellee has not legal capacity to sue, and that the complaint does not state sufficient facts. It is averred that appellee is a resident and taxpayer, and has been assessed for the purpose of raising funds for constructing the road. He had such an interest in the public funds as gave him a right to prevent their application to a wrongful purpose. *Alexander* v. *Johnson,* 144 Ind. 82; *City of Lafayette* v. *Cox,* 5 Ind. 38; *Board, etc.,* v. *Markle,* 46 Ind. 96; *Harney* v. *Indianapolis, etc., R. Co.,* 32 Ind. 244; *Town of Winamac* v. *Huddleston,* 132 Ind. 217; *Middleton* v. *Greeson,* 106 Ind. 18.

It is true that a person can not be enjoined from violating a contract for personal services where such contract contains no negative stipulations. *Schwier* v. *Zitike,* 136 Ind. 210. In the case last cited it was held a suit would not lie to enjoin a school board from violating its contract with a person for his personal services as a teacher. That is to say, a contract can not be enforced indirectly through an injunction restraining the party bound from repudiating the contract. Upon the same principle a municipality or an individual can not enforce a municipal ordinance through an injunction to prevent its violation. *Town of Rochester* v. *Walters,* 27 Ind. App. 194.

It is true, in a sense, appellee is seeking to prevent the violation of a contract, but he is not seeking, by this proceeding, to have the contract performed as made. The action is in reality to prevent the violation of the law for the protection of the public funds. As one who was bound to contribute to the public funds he had a right to bring a suit for injunction against their misappropriation.

It is also argued that as appellee had a complete remedy at law, injunction will not lie. It is true, it must be presumed that the board did its duty when the contract was let, and required of the contractors a bond. But a suit on the contractors' bond would not have been an adequate remedy. The bond secures nothing more than the terms of the contract on behalf of the contractors, and the measure of liability on the bond does not secure the taxpayer against an unauthorized expenditure of the public funds. *Deweese* v. *Hutton,* 144 Ind. 114. It can not be said that the injury resulting from the construction of the road out of worthless material could be compensated in an action at law for damages. And it is not enough that there is simply a complete remedy at law. "If the remedy at law," said the court in *Watson* v. *Sutherland,* 5 Wall. 74, 18 L. Ed. 580, "is sufficient, equity can not give relief, 'but it is not enough that there is a remedy at law; it must be plain and adequate, or in other words, as practical and efficient to the ends of justice, and its prompt administration, as the remedy in equity.'" *Boyce* v. *Grundy,* 3 Pet. 209, 7 L. Ed. 655; *English* v. *Smock,* 34 Ind. 115, 7 Am. Rep. 215, 222; *Clark* v. *Jeffersonville, etc., R  Co.,* 44 Ind. 248; *Thatcher* v. *Humble,* 67 Ind. 444; *Fitzmaurice* v. *Mosier,* 116 Ind. 363, 9 Am. St. 854; *McAfee* v. *Reynolds,* 130 Ind. 33, 30 Am. St. 197, 18 L. R. A. 211; *Town of Winamac* v. *Huddleston, supra; Alexander* v. *Johnson, supra; Bishop* v. *Moorman,* 98 Ind. 1, 49 Am. Rep. 731, and cases cited; *Denny* v. *Denny,* 113 Ind. 22.

Miller v. Bowers.

It is not necessary to aver and prove that the party will suffer irreparable injury if the injunction is not granted, but it is only necessary to aver and prove that he will suffer great injury. *Erwin* v. *Fulk*, 94 Ind. 235; *Champ* v. *Kendrick*, 130 Ind. 545. By his action appellee seeks to prevent a threatened wrong, and we think it must be said that a remedy which permits the wrong to be done, and then undertakes to compensate the injured party in damages, is not as practical and efficient to the ends of justice and its prompt administration as the remedy chosen by appellee. "A more proper case," said the court in *Harney* v. *Indianapolis, etc., R. Co.*, 32 Ind. 244, "for injunction can not be well conceived than that in which a taxpayer seeks to protect from lawless waste a public fund, which, when dissipated thus, the law will with strong hand compel him to replenish."

It is not necessary to inquire whether the board had authority to require in the contract that the material should be from designated quarries. The board did have the right to require that a certain kind of material should be used, and the only question here is as to the use of material which is wholly worthless. This is not a suit to compel the contractors to use the kind of material specified in the contract, but it is to prevent the use of worthless material, and to prevent an appropriation of public funds for such purpose. It is not a suit on the contract. If the original contract was changed, and the use of other material permitted, that would be matter of defense. The demurrer admits that the contract mentioned in the complaint was entered into, and that under that contract worthless material was used. But, in any event, the public funds could not be expended upon an improvement wholly worthless. If the board of commissioners would not refuse to accept and pay for such work, the only remedy left the taxpayer was a suit in equity. If he stood by and saw the work completed with the worthless material, and the contractors paid for the work, he

could not be heard to refuse to pay his portion of 'the taxes assessed for paying for the work because of the worthless material used. See *Lodor* v. *McGovern*, 48, N. J. Eq. 275, 22 Atl. 199, 27 Am. St. 446.

Judgment affirmed.