## HART v. HILDEBRANDT ET AL.

[No. 4,094.   Filed February 3, 1903.]

INJUNCTION.—*When Granted.*—Where injunctive relief is prayed,
the plaintiff must allege and prove that he will suffer substantial
and serious injury if the relief by injunction is not granted, and
that he has no adequate remedy at law.   *pp. 417, 418.*

SAME.—*Easements Over Private Property.—Remedy by Statute.*—Injunc-
tion will not lie to prevent the acquirement of an easement over
private property; since an adequate remedy is provided by statute
(§§5746-5749 Burns 1901) for notice by the landowner that he will
dispute such claim, and the service and record of such notice,
and that the same shall be deemed an interruption of such use.
*pp. 418-421.*

From Cass Circuit Court; *J. M. Rabb,* Judge.

Suit by Catherine Hildebrandt and others to enjoin
Samuel C. Hart from using a private alley.   From a
judgment for plaintiffs, defendant appeals.   *Reversed.*

*J. C. Nelson* and *Q. A. Myers,* for appellant.

*J. S. Lairy,* for appellees.

ROBINSON, J.—Suit by appellees to enjoin the use by ap-
pellant of a private alley.   The complaint is in two para-

graphs, to each of which a demurrer was overruled, which ruling is first questioned. There was a general finding by the court in appellees' favor, and it does not appear upon which paragraph of the complaint the judgment is based.

The second paragraph of the complaint avers that appellees are the owners in fee simple and in the peaceable possession of a certain described lot in the city of Logansport; that running over and across the east ten feet of the lot is a private alley, extending southward to a public alley; that the same "is a private alley belonging to the plaintiffs," and appurtenant and appendant to two other lots lying south of appellees' lot; that no person or persons other than the occupants of appellees' lot and the lots lying south thereof have any interest in or right to use such private alley for any purpose; that the real estate upon which this private alley is located, on the east part of appellees' lot, is the absolute property of appellees, subject only to the right of the occupants of the two lots lying south to use the same as a private alley; that appellant is the owner of the lot contiguous to the east, twenty feet on the north side of appellees' lot, the same abutting and adjoining the north end of the private alley belonging to appellees; that the alley is not appurtenant to appellant's lot, and that appellant has no right, title, or interest whatever in such alley; that the agents and lessees of appellant, with his knowledge, and under his authority and direction, have continuously for the last eight years entered upon and used this private alley, claiming the right to use the same as appurtenant to the premises owned by appellant; that during such time they have entered upon such private alley, "and used it under a claim of right, which use is adverse to the right of these plaintiffs, and of a character that if continued for twenty years will ripen into an easement;" that appellees have notified appellant not to enter upon the alley, but, disregarding the notice, he "continued to enter upon and use said alley, and is now using and threatening to continue to use the same, and

Hart *v.* Hildebrandt.

is claiming the right so to enter upon and use said alley, and will, unless restrained by this court, acquire an easement in said alley, to the permanent and irreparable injury of these plaintiffs; and that said injury can not be fully compensated in damages," by reason whereof they have sustained damages. Prayer that appellant be enjoined from entering upon and using the alley.

In cases where injunctive relief is prayed the plaintiff must aver and prove that he will suffer great injury if the relief by injunction is not granted. *Xenia Real Estate Co.* v. *Macy,* 147 Ind. 568; §1162 Burns 1901. And it is held that injunction will lie to restrain the commission of a trespass upon real property. *Clark* v. *Jeffersonville, etc., R. Co.,* 44 Ind. 248. And a wrongful entry on land under a claim of right, for the purpose of making a public way or bridge, may be prevented by injunction. *Kyle* v. *Board, etc.,* 94 Ind. 115. But injunction in such cases will not lie unless great injury would result and the complaining party has no adequate remedy at law. *Bolster* v. *Catterlin,* 10 Ind. 117.

To authorize a court of equity to interpose by injunction, there must be something more than merely a violation of the plaintiff's rights; it must appear that this violation is of such a nature as is or will be attended with substantial and serious damage. *Bigelow* v. *Hartford Bridge Co.,* 14 Conn. 565, 36 Am. Dec. 502.

The rule is thus stated in *Watson* v. *Sutherland,* 5 Wall. 74, 18 L. Ed. 580: "It is contended that the injunction should have been refused, because there was a complete remedy at law. If the remedy at law is sufficient, equity can not give relief, 'but it is not enough that there is a remedy at law; it must be plain and adequate, or in other words, as practical and efficient to the ends of justice, and its prompt administration, as the remedy in equity.' * * * To prevent a conveyance like this, a court of

equity steps in, arrests the proceedings *in limine;* brings the parties before it; hears their allegations and proofs, and decrees, either that the proceedings shall be unrestrained, or else perpetually enjoined. The absence of a plain and adequate remedy at law affords the only test of equity jurisdiction, and the application of this principle to a particular case, must depend altogether upon the character of the case, as disclosed in the pleadings." This principle has been approved in *Thatcher* v. *Humble,* 67 Ind. 444, enjoining the cutting of growing trees; in *Elson* v. *O'Dowd,* 40 Ind. 300, enjoining levy on property of replevin bail where there was sufficient property of the debtor; in *English* v. *Smock,* 34 Ind. 115, 7 Am. Rep. 222, enjoining the issuing of bonds for county purposes; in *Clark* v. *Jeffersonville, etc., R. Co.,* 44 Ind. 248, restraining trespass on real property by destruction of graded road; in *Denny* v. *Denny,* 113 Ind. 22, restraining threatened sale by executor of personal property selected by a widow, under the statute; in *Bishop* v. *Moorman,* 98 Ind. 1, 49 Am. Rep. 731, enjoining sheriff from levying on land under a judgment against a third party; in *Town of Winamac* v. *Huddleston,* 132 Ind. 217, enjoining issuance of corporate bonds without authority; in *McAfee* v. *Reynolds,* 130 Ind. 33, 30 Am. St. 194, 18 L. R. A. 211, action to have a lien declared prior to and free from a claim asserted to be superior to it; in *Champ* v. *Kendrick,* 130 Ind. 545, injunction to restrain insolvent purchaser from a devisee, without power of alienation, from taking possession of trust estate; in *Alexander* v. *Johnson,* 144 Ind. 82, injunction by taxpayer to prevent threatened misapplication of public funds under an illegal contract.

The complaint, as stated by counsel for appellee, is based upon the theory that if appellant is permitted to use the alley for twenty years adversely he would acquire an easement and a right to such use. The pleading shows that the way in question is a private alley. Under the averments of the pleading, at the end of the twenty years' use it will

Hart *v.* Hildebrandt.

still be a private alley subject to an easement in appellant. We fail to see where the pleading brings in question the public character of the alley at this or any future time. The action is to prevent the acquiring of an easement over private property. Appellees own the fee simple and are in possession, and appellant, under a claim of right, is using the alley. The character of this use is not specified, except that it has been continued for eight years, is adverse to appellees, and of a character that, if continued for twenty years, will ripen into an easement. The pleading does not show any well grounded apprehension of immediate injury to appellees' rights. It is not shown that the threatened use in the immediate future will work great injury to the fee, or that it will interfere with appellees' free use and enjoyment of their own property; nor are any facts stated which show that the continued present use or threatened use will be a nuisance; that is, the complaint does not show that the threatened use will work any immediate injury, but that if the use is continued for twelve years as it has been for the past eight years it will then be injurious because of having ripened into an easement. It does not appear from the pleading that any acts of trespass have been committed or are threatened that will in and of themselves work any material or appreciable injury to appellees. The threatened injury that will result, and which appellees seek to prevent by injunction, is both remote and contingent. If the use by appellant complained of should be interrupted at any time during the succeeding twelve years sufficiently to prevent the acquisition of an easement at the end of that time, no great or irreparable injury, so far as the complaint shows, will result to appellees. As we understand the pleading, it seeks to prevent a use which, if not prevented, and continued uninterruptedly for twelve years, will eventually become an easement by adverse user. The injunction is asked to restrain acts upon the ground that they may possibly or probably result in casting a cloud upon appellees' title. It is not cer-

tain that the contemplated injury will ever happen, and, so long as it remains uncertain, an injunction should not lie.

Cases holding that injunction will lie to restrain a trespass amounting to a nuisance, or a trespass interfering with or destroying the owner's use and enjoyment of his property, or a continuing trespass which immediately works great injury to the complainant, can not be controlling under the averments of the second paragraph of complaint in the case at bar. The threatened injury of which complaint is here made is both remote and contingent. Moreover, as the action is to interrupt a use which may in the future ripen into an easement, the statute makes provision by which this threatened future injury may be prevented without resorting to the extraordinary remedy by injunction. The statute concerning easements, §§5746-5749 Burns 1901, provides (§5746) that the right of way, air, light, or other easement from, in, upon, or over the land of another, shall not be acquired by adverse use, unless such use shall have been continued uninterruptedly for twenty years. Section 5747 provides that the landowner may give notice to the claimant of such right that he will dispute the same. Section 5748 provides the manner of giving such notice. Section 5749 provides: "Such service or notice shall be indorsed by the officer serving the same, on the original paper, and returned to the party giving such notice, who shall cause such original paper and indorsement of service or notice to be recorded in the recorder's office of the county where the land lies. And such notice thus served or posted and recorded, shall, at the time of record, be deemed an interruption of such use."

Construing the pleading, as its averments require it to be construed, to be a suit to prevent a threatened injury consisting of a future acquisition of an easement through adverse use, we think the same result could be accomplished through a compliance with the above statute. The statute not only provides that the property owner may give notice

that he will dispute the right to use the way, but it expressly provides that such notice, served and recorded, shall be an interruption of such use. No action is necessary to enforce the interruption. A compliance with the statute accomplishes the purpose. The effect of the notice is expressly stated. It will effectually prevent the threatened injury complained of in the second paragraph of the pleading.

The demurrer to the second paragraph of complaint should have been sustained. Judgment reversed.