Chappell v. Jasper County Oil & Gas Co.

---

## CHAPPELL ET AL. v. JASPER COUNTY OIL & GAS COMPANY.

[No. 4,603.    Filed February 24, 1903.    Petition to retax costs granted May 21, 1903.]

APPEAL.—*Filing Amended Complaint Without Leave.*—*No Exception.*— Where no objection was made to the filing of an amended complaint, no error can be predicated upon the court's action in permitting it to be done.  p. 171.

SAME.—*Record.*—*Pleading Withdrawn.*—When a pleading is withdrawn, all rulings thereon pass out of the record with it.  p. 171.

SAME.—*Joint Exception.*—*Separate Assignment of Error.*—A separate assignment of error by one defendant, on a ruling to which appellant with his codefendants excepted jointly, presents no question for review.  p. 172.

INJUNCTION.—*Complaint.*—*Irreparable Injury.*—In an application for an injunction, it is not necessary to aver that the plaintiff will suffer irreparable injury if the relief asked is not granted; an averment that applicant will suffer great injury is sufficient. p. 172.

SAME.—*More Efficient Remedy.*—A remedy at law will not bar injunction, where the remedy by injunction is more practical and efficient.  p. 172.

APPEAL.—*Precipe.*—*Transcript.*—*Bill of Exceptions.*—*Evidence.*—Where the precipe filed by the appellant directed the clerk to prepare and certify a "full, true, and complete transcript of the proceedings, papers on file, and judgment" in the cause, the action of the clerk in certifying the original bill of exceptions was unauthorized, and the same is no part of the record.  p. 173.

TRIAL.—*Special Finding.*—*Motion to Modify.*—A motion to modify or strike out a special finding is not recognized by the code of procedure in this State, and such motion may be overruled or stricken out by the court.  If the facts are found contrary to the evidence the remedy is by motion for a new trial.  p. 176.

Chappell *v.* Jasper County Oil & Gas Co.

TRIAL.—*Special Finding.*—*Conclusions of Law Without the Issues.*—The assignee of an oil lease brought suit to enjoin another, who claimed a lease of the same premises, from drilling for oil thereon. The original lessor was not made a party to the suit.   *Held,* that conclusions of law as to the rights between the lessor and the assignee under the lease were without the issues, and erroneous. *p. 177.*

SAME.—*Conclusions of Law.*—*Surplusage.*—Where the judgment follows the conclusions of law as a whole, and the evidence is not in the record, no part of the conclusions can be considered as surplusage.   *p. 178.*

From Jasper Circuit Court; *S. P. Thompson,* Judge.

Suit for injunction by Jasper County Oil & Gas Company against Howard F. Chappell and others. From a judgment for plaintiff, defendant Chappell appeals. *Reversed.*

*B. F. Ferguson, J. E. Wilson* and *Marston & Tuttle,* for appellant.

*D. M. Shively, Frank Foltz, C. G. Spitler, H. R. Kurrie, J. S. Dailey, Abram Simmons* and *F. C. Dailey,* for appellee.

ROBINSON, J.—This case was transferred from the Supreme Court under the act of March 12, 1901.

The amended paragraph of complaint upon which the case was tried sought to enjoin appellant from boring and operating gas and oil wells on certain lands controlled by appellee.   A trial by the court resulted in a decree granting a perpetual injunction against appellants upon the compliance by appellee with certain stipulated conditions.

A demurrer to the original complaint in one paragraph was sustained, and leave given to file an amended complaint.   As no objection was made to the filing of the amended complaint, no error can be predicated upon the court's action in permitting it to be done.

As the second and third paragraphs of amended complaint were withdrawn before the trial, no harmful error was committed by the court in permitting them to be filed, or in refusing to strike them out on motion, or in overrul-

ing demurrers thereto. When a pleading is withdrawn, all rulings thereon pass out of the record with it.

There were four defendants in the court below, against all of whom the judgment and decree were rendered. Appellant Chappell alone has assigned error. Many of the exceptions to the court's rulings on the pleadings were taken by the "defendants." A separate assignment of error by one of several parties who were defendants below does not present any question upon a ruling to which all the defendants excepted jointly. Appellant Chappell separately demurred to each paragraph of the complaint, and all the defendants also demurred to the complaint, and the "defendants" reserved an exception to the ruling on the demurrers. The record does not show that appellant reserved any exception to the ruling on his separate demurrer. The sufficiency of the complaint is also questioned by an assignment of error.

In an application for an injunction, it is not necessary to aver that the plaintiff will suffer irreparable injury if the relief asked is not granted, but it is sufficient to aver that he will suffer great injury. It may be true in the case at bar that appellee had a remedy at law, but it was not "as practical and efficient to the ends of justice, and its prompt administration, as the remedy in equity." *Watson* v. *Sutherland,* 5 Wall. 74, 18 L. Ed. 580. In Pomeroy, Eq. Jurisp. (2d ed.), §1357, it is said "that a remedy which *prevents* a threatened wrong is in its essential nature better than a remedy which permits the wrong to be done, and then attempts to pay for it by the pecuniary damages which a jury may assess." See *Champ* v. *Kendrick,* 130 Ind. 549; *Bishop* v. *Moorman,* 98 Ind. 1, 49 Am. Rep. 731; *Erwin* v. *Fulk,* 94 Ind. 235; *Allen* v. *Winstandly,* 135 Ind. 105; *Xenia Real Estate Co.* v. *Macy,* 147 Ind. 568; *Hart* v. *Hildebrandt,* 30 Ind. App. 415. The complaint, tested for the first time by an assignment of error, contains sufficient facts to bar another action.

*Xenia Real Estate Co.* v. *Macy, supra; Loeb* v. *Tinkler,* 124 Ind. 331; *Citizens St. R. Co.* v. *Willoeby,* 134 Ind. 563.

Many of the questions discussed by appellant's counsel are not presented, if, as insisted by appellee, the evidence is not in the record.   The transcript discloses that appellant, by his counsel, filed with the clerk of the trial court a precipe as follows: "The Jasper County Oil & Gas Company v. Howard F. Chappell et al.   The clerk of the Jasper Circuit Court will prepare and certify a full, true, and complete transcript of the proceedings, papers on file, and judgment in the above entitled cause, to be used on appeal to the Supreme Court of the State of Indiana."   The transcript contains the original bill of exceptions, embracing the evidence given upon the trial.   The precipe in the case at bar does not differ in any material respect from that in *Chestnut* v. *Southern Ind. R. Co.,* 157 Ind. 509, where it is held that under such a precipe the original bill of exceptions, containing the evidence, and authenticated by the clerk, though embodied in the transcript, is not a part of the record, and can not be considered; the court saying:   "Under the directions given to the clerk in the precipe in question it became his duty to certify to this court a transcript or copy of the original bill of exceptions containing the evidence and the rulings of the court in the admission or exclusion of testimony, and his act in certifying the original bill was, under the statute, unauthorized."   In *Johnson* v. *Johnson,* 156 Ind. 592, the court said: "Only such papers and entries as are designated in said precipe are properly a part of the record on appeal. Said precipe did not direct or request the clerk to certify to this court said original bill of exceptions containing the evidence, in any manner.   Under such conditions if said original bill of exceptions containing the evidence was embodied in the transcript, and properly authenticated, the same would not be a part of the record and could not be

considered." See, also, *Brown* v. *Armfield,* 155 Ind. 150; *McCaslin* v. *Advance Mfg. Co.,* 155 Ind. 298. Under these authorities, we must hold that the evidence is not before us.

The facts found by the court are that on August 1, 1899, Anna C. Hershman leased to the Tri-State Oil Company certain lands, which company, on July 18, 1900, assigned the lease to one McDonald, who assigned the same July 28, 1900, to appellee. The lease and assignments were duly recorded. By this lease the lessor granted to the lessee all the oil and gas in and under the land described, and the right to enter upon the premises to drill for oil and gas, and erect and maintain necessary buildings, and lay necessary pipes for the transportation of gas and oil, reserving to the lessor the one-eighth of all oil produced and saved, to be delivered in the pipe-line with which the lessee might connect its wells. If gas only was found in sufficient quantities to transport, the lessee agreed to pay the lessor $100 annually for the product of each well so transported; lessor to have free gas for dwelling-house. In case no well was completed within ninety days from date of lease, "then this grant shall become null and void unless second parties shall pay to the first party twenty-five cents per acre annual rental payable monthly for each month thereafter such completion is delayed;" the lessee to have the right to use sufficient gas or oil to run all machinery for drilling and operating wells, and "the right to remove all property at any time." In case the first well was a water well, the lessee was to leave the casing therein, free of cost to the lessor; it was further agreed that the lessee or assigns might, "at any time, by paying to said first party, his heirs and assigns, the sum of $1, and the said first party hereby agrees, for himself, his heirs or assigns, to accept said sum of $1 in full for all claims of every kind and nature that could hereafter accrue on this lease; and the said second party, his heirs or assigns, shall release said first

party, his heirs or assigns, from all claims by reason of having made this lease." It is further found that on October 13, 1899, the original lessee commenced drilling an oil-well, and at a depth of 112 feet struck oil, and prior to October 30, 1899, drilled the same to a depth of 120 feet, and on the next day drilled some feet further in the oil-bearing rock, and on November 7, 1899, removed the machinery, and placed a wooden plug in the top of the well; that oil was found in paying quantities, but the well was not "shot, pumped, or tested as to its capacity at any time;" that no oil was ever produced or marketed from the well, and the lessor was never paid in money, oil, or gas any sum for the purpose of prolonging the time of the lease; that no pipe-line has ever been constructed in the Jasper county oil fields, with which the well could be connected if it were in fact operated, and at the time of the completion of the well this field had not been developed, and there was then no facilities for saving and marketing oil; that neither the appellee nor any of the assignors of the lease notified the original lessor prior to August 22, 1901, that the well contained oil in paying quantities; that the original lessor at no time prior to the bringing of this action ever notified the original lessee or its lessee or appellee that she desired to have the lease forfeited; that on August 3, 1900, the original lessor gave to appellants permission, without the consent of the owner of the original lease, to go upon the land and drill for oil; that they entered upon the land and commenced drilling an oil-well, and had, when this suit was brought, August 25, 1900, drilled the same to a depth of ninety-six feet, and were intending to complete the same and take oil therefrom, claiming the right to do so through the permission given them by the original lessor; that neither the original lessee, McDonald, nor appellee, at any time ever intended to, or did, abandon the leased premises; that, before the bringing of this suit, appellants refused, upon demand, to cease drilling, and

agreed to save the original lessor harmless in any litigation that might arise touching the respective rights of the parties; that neither appellee McDonald, nor the original lessee, has at any time drilled or attempted to drill any other well, nor have they attempted to operate the well and produce oil therefrom, nor has either of them paid, or offered to pay, any money rent for the premises.

As conclusions of law, the court stated:   (1) That the lease required an oil-producing well to be completed on or before October 30, 1899, without any payment of rent, and in case oil was not produced in paying quantities within that time, upon an obligation to rent at the rate of $20 per annum, the lease was extended until October 31, 1900; (2) that appellee was, when the action was commenced, entitled to an injunction restraining appellants from operating for oil on the lands in question; (3) that the "restraining order should be continued for the period of thirty days from this date [February 12, 1901], and if, within that time, the rental at the rate of $20 per annum shall be paid into court for the use of the party entitled thereto, the said injunction shall remain in force until May 1, 1901; and if before May 1, 1901, the plaintiff shall complete one or more wells so as actually to produce oil in paying quantities, then the said injunction shall be perpetuated so long as the plaintiff shall complete at least one productive well each year, and on failure of plaintiff to comply with conditions here prescribed the said injunction will, on motion, be dissolved."

Appellant's motion to modify and change the special finding, and to make additional findings, was properly overruled.   Such a motion is not recognized by the code of procedure, and may properly be overruled, rejected, or stricken out by the court.   *Bunch* v. *Hart,* 138 Ind. 1; *Banner Cigar Co.* v. *Kamm, etc., Brewing Co.,* 145 Ind. 266; *Windfall Nat. Gas, etc., Co.* v. *Terwilliger,* 152 Ind.

364; *Smith* v. *Barber,* 153 Ind. 322; Elliott, App. Proc., §757.

For the same reason the motion to strike out part of the special finding was properly overruled. If the facts are found contrary to the evidence, the remedy is by motion for a new trial. *Sharp* v. *Malia,* 124 Ind. 407; *Tewksbury* v. *Howard,* 138 Ind. 103.

Appellant Chappell excepted to each conclusion of law. While there has not been upon this branch of the case, as claimed by counsel for appellee, a strict compliance with the rule as to briefs, yet we think the rule has been sufficiently complied with to present the question argued.

By the terms of the lease, the lessor was to have a certain part of all oil produced and saved from the premises leased, to be delivered in the pipe-line with which the lessee might connect the wells. The time when operations should begin is impliedly fixed by the provision that if a well is not completed within ninety days from August 1, 1899, the grant was to become null and void, unless the lessee should pay the lessor "twenty-five cents per acre annual rental, payable monthly, for each month" the completion of a well was delayed. The lease provides nothing as to how often a well should be drilled, or as to the number that should be drilled; nor does it, in terms, fix any time when it shall terminate. The finding shows that a well was commenced and oil found within ninety days from the date of the lease, but it does not show that a well was completed within the ninety days. The lease recites that the grant is for a valuable consideration, the receipt of which is acknowledged. This suit was brought August 25, 1900. From the finding it appears that when the suit was brought, the lease had not been forfeited, but was a valid lease as between the parties to this action, and was owned by appellee. What unsatisfied obligation, if any, existed at that time on the part of appellee, and in fa-

vor of the lessor, was not presented by an issue in the case. The lessor was not a party to this suit. What right, if any, the lessor has to have the lease forfeited, was not presented. The lease contains no forfeiture clause for failure to operate the well, and what damage, if any, the lessor has suffered for failure on the appellee's part properly to develop the land, is a question between the lessor and appellee, and is not here presented. Whether the lease, upon failure to complete the well within the time fixed, was continued in force a definite time through the operation of some promise it contained, or whether appellee shall make certain payments to the lessor, or what other acts it should do that the lease may continue, are questions between the appellee and the lessor. The finding shows that the lease had not been forfeited when this suit was brought. Whether this finding is sustained by the evidence, is not presented, as the evidence is not before us. We can not treat any part of the conclusions of law as surplusage, because the judgment follows the conclusions as a whole.

Judgment reversed, with instructions to restate the conclusions of law.