DRAKE v. DURREGER.

[No. 15,560. Filed November 23, 1937.]

*Miller & Miller,* and *Louis B. Ewbank,* for appellant.

*Rawley & Stewart, Henry McShanog,* and *Hutchison & McQueen,* for appellee.

LAYMON, C. J.—This is an action by appellee to enjoin appellant from certain mining operations alleged to be in violation of appellee's rights as surface owner of the

real estate and alleged to be to his irreparable damage.

The complaint and supplemental complaint charged in substance: That appellee was the owner of a certain described tract of real estate in Clay County, Indiana, except the coal and other minerals lying and being below the surface of said premises, which coal was reserved by appellee's grantor, together with the right to dig, mine, and remove the coal and minerals from said land at any time thereafter, without liability for caving in or subsidence of surface incident to the mining and removing of said coal; that on or about the 10th day of September, 1933, and thereafter to the date of filing the complaint and supplemental complaint, appellant wrongfully, and without leave or consent of appellee, entered upon said real estate and began to excavate the surface to the extent of practically 2 acres and to dig a shaft and erect a coal tipple and other buildings thereon for the purpose of removing coal from beneath the surface of the real estate, and, in addition to the excavation made in and about said shaft, is excavating the surface of the real estate for a space of approximately 400 feet in length and 40 feet in width, constructing an embankment approximately 20 feet high, and tearing up the surface in and about said mine to the extent of approximately 2 acres; that whatever right, if any, appellant has to remove the coal through the strata of real estate above said coal is by shaft; that the excavation is causing the appellee and his property irreparable damage; that the real estate is fitted for and has been used as agricultural land, is especially adapted to that purpose, and had fences around it on all sides; that appellant wrongfully, and to appellee's injury, tore down said fences and exposed said land to stock upon the highway; that since the 19th day of October, 1934 appellant wrongfully, and without the consent of appellee, entered upon the real estate with a drag line

and equipment for the purpose of excavating the dirt above the coal bed and is now threatening to continue said stripping of the dirt above the coal; that appellee will suffer irreparable injury from the acts and conduct of appellant if appellant is not enjoined and that appellee has no adequate remedy at law.

To the complaint and supplemental complaint appellant filed an answer in five paragraphs: (1) General denial; (2) that appellant and his wife were the owners by entireties of all the minerals lying and being beneath the surface of all of the real estate described in the complaint; that appellant's operations were no more than were reasonably necessary for mining and removing coal from the premises; (3) substantially the same as the second paragraph; (4) that appellant had the right to excavate said real estate for the purpose of removing said coal and minerals underlying the same by virtue of the provisions of a certain lease executed by William Lowdermilk and wife to William L. Zeller and F. M. Sigler on August 31, 1891; that although said lease was fully released on the 15th day of May, 1902, and long before the execution of the deed from Winfield Scott Lowdermilk and wife to Hannibal Fisher on June 11, 1904, that by reference in said deed the rights and privileges granted to said Zeller and Sigler, lessees, were saved for the children of William Lowdermilk, then deceased; that due to heirship and certain conveyances, followed by partition proceedings, appellant became the owner and assignee of all the rights and privileges referred to in said lease; (5) estoppel.

To the second, third, fourth, and fifth paragraphs of answer appellee replied in general denial. There was a trial by the court, and upon proper request the court made a special finding of facts and stated its conclusions of law thereon. The pertinent facts, as found by the court, are as follows: That appellee and his wife are

the owners in fee simple of the following described real estate in Clay County, Indiana, to wit: The northeast quarter of the northeast quarter of Sec. 28, Twp. 12 N., R. 6 W., except the coal and other minerals lying and being below the surface of said premises, which coal was reserved by appellee's grantors, together with the right to dig, mine, and remove said coal and minerals from said land at any time thereafter, without liability for caving in or subsidence of the surface incident to mining and removing the coal; that appellee and his wife have been the owners and in possession of said real estate since April 13, 1920; that appellant and his wife are the owners of the coal in said real estate, with the right to dig, mine, and remove said coal from said land at any time without liability for caving in or subsidence of the surface incident to the mining and removing of said coal; that in September, 1933, appellant entered upon the real estate and proceeded to sink a shaft to the body of the coal therein, to erect a tipple and place wagon scales for the purpose of weighing coal from said mine incident thereto, and has been mining and removing coal through said shaft up to the present time, without the consent or permission of the owners of the surface thereof; that on October 19, 1933, appellant entered upon said premises with a drag line and equipment for the purpose of excavating the dirt to the rider vein of coal in said real estate, proceeded to excavate the dirt, and is now threatening to continue the removal of said dirt above the rider vein of coal for a distance of approximately 400 feet north and south and 40 feet in width, which will require an excavation of 12 feet beginning at the south end at the point where the stripping begins, increasing steadily in depth to the north for a distance of approximately 400 feet, where said stripping will reach a depth of 34 feet above the strata of coal; that appellant is threatening to, and will,

if not enjoined, construct an embankment approximately 20 feet high above the surface of the land upon which to run coal cars and construct a tipple, all without consent or permission of the owners of the surface thereof; that the land being excavated belongs to the appellee and his wife, and it is unnecessary in the act of reaching said rider vein of coal for appellant to make the excavations which he is now doing and threatening to do; that the coal in said rider vein could be reached by sinking a shaft to said strata, with less injury and damage to the land of appellee than the method which the appellant is now undertaking; that said appellant, by his entering upon said described land, has damaged appellee's land in the sum of $10.

Upon the foregoing facts the court stated its conclusions of law. That the law is with the appellee; that the appellant should be and is hereby enjoined from excavating the surface and stripping the dirt to the depth of said rider vein of coal, as said stripping is wrongful and an invasion of appellee's rights; that appellee is entitled to recover the sum of $10 and costs. The appellant excepted to each of the conclusions of law and in due time filed his motion for a new trial which was overruled, and this appeal followed. Appellant assigns as error that the court erred in each of the conclusions of law and in overruling appellant's motion for a new trial. The grounds set out in the motion for a new trial are that the findings of the court are not sustained by sufficient evidence and that the findings are contrary to law.

Since there is ample evidence to sustain each of the findings of the trial court, and the substance of the findings having heretofore been set out, no good purpose would be served by reciting a resumé of the evidence.

Appellant asserts that he owns the coal under the land in question pursuant to a reservation of the right of dig-

ging, excavating, mining, and removing the coal and fire clay and, appellee holding (the title to the real estate) subject to that ownership and also subject to the expressly reserved right of appellant to dig, mine, and remove the coal, without liability for caving in or subsidence of the surface incident thereto, appellant has thereby the right to use so much of the surface as is reasonably necessary for mining of coal, including the right to construct and use a mine shaft to reach a deep vein, a "drift" shaft into the hillside to reach a rider vein, scales on which to weigh the coal, tramways, cuts, and embankments to carry the tramway, and railroads or wagon roads leading to highways or railway lines by which to carry the coal to market. In this assertion appellant is in error in assuming that a reservation of the "right to dig, excavate, mine, and remove the coal and fire clay" existed and that appellee held real estate subject to such ownership. The undisputed evidence discloses that appellee owned the real estate in question subject to a reservation of his grantor reserving all of the coal and minerals lying and being below the surface, with the right to dig, mine, and remove the coal and minerals from said land at any time thereafter, without liability for caving in or subsidence of surface incident to mining and removing the coal. Appellant became the owner of the coal in said real estate with the rights and privileges inuring to him by virtue of such reservation, together with such other rights as might arise by implication of law. It is thus apparent that the principal question involved is, What are the relative rights of the parties where the surface of land is owned by one person and the minerals beneath are owned by another with the right to dig, mine, and remove the same without liability for the caving in or subsidence of the surface incident to such mining and removing?

It seems to be well settled that under such circumstances of ownership appellant was entitled to use the surface in such a manner, adopt such means and processes for mining and removing the coal from the premises as might be reasonably necessary or indispensable in so doing. *Ingle* v. *Bottoms* (1903), 160 Ind. 73, 66 N. E. 160. It is likewise well settled that when anything is granted, whatever is necessary or essential to the enjoyment of the grant is also granted. The rights which arise by implication under said rule are only such as are necessary to the enjoyment of the grant. Under this rule, the grant of the right to the coal carries with it, as a necessary incident, the right to use such means and processes for mining and removing the same from the premises as may be reasonably necessary. In the case of *Ingle* v. *Bottoms, supra,* the court said (p. 79) : "The question of how much of the surface is reasonably necessary for the proper operation of the mine is a question of fact, not of law."

Applying the above principles of law to the instant case, it became a question of fact for the trial court to determine whether the operations of the appellant and those which he was threatening to put into effect were unreasonable and unnecessary in removing the coal from the real estate involved. The court found that appellant had made certain excavations and was threatening to do more excavating of the surface of appellee's real estate to remove the coal and that such excavation was unnecessary in the removing of the coal. Such findings being sustained by the evidence, it is clearly apparent that appellee's rights, as the surface owner of said real estate, were invaded by the acts and conduct of appellant.

Appellant insists that if his processes of mining were such as would cause some unnecessary damage to ap-

pellee's pasture field and wire fence in order to uncover and take out several tons of coal lying 8 to 12 feet or more below the surface, such damage would be so negligible and so capable of being fully compensated by the payment of damages as against the deprivation of appellant's use of his property that there could be no equity inuring to appellee upon which to base a judgment for an injunction. It was said by the Supreme Court of our state in the case of *Xenia Real Estate Co.* v. *Macy* (1897), 147 Ind. 568, 573, 47 N. E. 147, and restated in the case of *Ingle* v. *Bottoms, supra* (p. 81), "That a remedy which prevents a threatened wrong is in its essential nature better than a remedy which permits the wrong to be done, and then attempts to pay for it by pecuniary damages which a jury may assess." The granting or refusal to grant an injunction rests in the sound discretion of the court, and the court will consider the inconvenience and damage that will result to the defendant as well as the benefit that will inure to the plaintiff. It is true that if the damage and injury resulting to the defendant by the granting of the writ will be so great as to be unconscionable in view of the benefits to be derived from the writ by the plaintiff, the court will act with great reluctance and will seek a remedy at law by which the plaintiff's rights may be protected without undue injury to the defendant. Under the facts and circumstances in the instant case, the wrong which was found by the trial court to have existed, and which was by the court enjoined, is not so unwarrantable as to deprive the appellee of a consideration of his rights in a court of equity.

Appellant lays much stress upon a lease which was executed by William Lowdermilk to Zeller and Sigler on August 31, 1891, granting to the lessees the right to dig, excavate, mine, and remove the coal and fire clay

on said land and insists that all of the rights and privileges in said lease were saved for and on behalf of appellant. This contention is without merit for the reason that the uncontradicted evidence discloses that said lease was released in full on May 15, 1902.

Having failed to find any error in the record, the judgment of the trial court is in all things affirmed.